# SUPREME JUDICIAL COURT

##### FOR THE

### COUNTIES OF SUFFOLK AND NANTUCKET,
### MARCH TERM 1847, AT BOSTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

## COMMONWEALTH *vs.* JOSHUA H. POLLARD.

On a trial for perjury, the testimony of a single witness is sufficient to prove that the defendant swore as is alleged in the indictment.

When a party is indicted for perjury in giving testimony on the trial of an issue in court, proof that his testimony was admitted on that trial is not sufficient to warrant a jury, upon the trial of the indictment, to infer that such testimony was material to the issue.

Perjury may be committed by wilfully false swearing in a point which is only circumstantially material to the question in dispute.

THIS was an indictment which charged the defendant with perjury on the trial, in the court of common pleas, in July 1845, of an action of trespass for taking and carrying away goods, in which action Albert Nickerson was plaintiff, and Watson Freeman was defendant.

VOL. XII.          15

The indictment alleged that, on said trial, "it was and became a material question, whether the said Pollard was interested in the event of that action and trial, and also whether he had any interest in the suit and action of Bent and others against Turner and another, then pending; and also whether, in the evening of the eighteenth day of March" 1845, "he saw said Nickerson, the plaintiff, in the house where said Pollard resided, with his wife, in said Boston; and also whether, in that evening, said Nickerson told said Pollard that he had rather take his money with him, than put it in trade with said Pollard."

The indictment further alleged that the defendant, upon said trial, swore and gave evidence, among other things, in substance as follows: " I have no interest in the suit of Bent and others against Turner and another, and no interest in this suit of Nickerson against Freeman. On the eighteenth day of March last, Nickerson stood at the door of my house, with my wife, in the evening. He told me he had rather take his money away with him, than put it in trade with me."

The indictment then alleged, in the usual form, the falsehood of said testimony, and concluded with a charge of wilful and corrupt perjury.

The defendant was found guilty, by the jury, on a trial in the municipal court, before *Cushing*, J. who signed the following bill of exceptions: " The defendant denied that he had so sworn, as alleged in the indictment, and contended that the rule of law which, in a case of perjury, requires two witnesses, or what is equivalent, from corroborating testimony, to prove all the material allegations in the indictment, applied as well to the fact what the witness did swear, as to the fact whether the matter sworn to was false. The judge instructed the jury, that the rule, as to the evidence necessary to convict of perjury, applied only to the fact whether the matter alleged to have been sworn was false; and that the words, or the substance of the matter alleged to have been sworn to, might be proved by the same amount of testimony that would be sufficient in other cases.

" The defendant (admitting the alleged testimony, as to his interest, to be material) denied that the other matter alleged to have been sworn to was material to the issue, and contended that the government had failed to prove that it was material. On this point, the judge instructed the jury, that if the evidence, alleged in the indictment, was admitted to go to the jury, in the trial of the cause in which the perjury was alleged to have been committed, the jury might infer that it was material ; and if they were satisfied that the evidence, alleged to be false, was allowed to be given in the case then on trial, that was sufficient for them to infer that it was material ; but that the degree of materiality was not material."

*Hallett*, for the defendant.

*S. D. Parker*, for the Commonwealth.

HUBBARD, J. As to the first exception, it is contended that the words, which are alleged to have been spoken, must be proved by two witnesses, as well as the fact that they were false. In support of this position, it is argued that the crime of perjury is a single act, and that what the party testified to cannot be separated from the false swearing ; and it being the design of the law, prescribing the testimony necessary to convict of perjury, to protect the accused against conviction upon the testimony of a single witness, the protection fails, if the words alleged to be spoken may be proved upon such testimony. The reasoning is ingenious, but it is not only not supported by authority, but is contrary to the whole course of practice in the courts of the common law.

Admitting the truth of the position, that the crime of perjury is a single act, yet there is a great distinction as to the facts to which a man testifies and the wilful falsehood of the testimony respecting them. The speaking of the words, and the motive with which they are uttered, are independent facts ; and the proof of the first has no necessary tendency to prove the last. The witness may have been misinformed ; he may mistake in his recollection ; he may be confused in his manner of relating ; and in either way may state that

which is false, and yet be honest and upright in his testimony, and as far from intending to commit the crime of perjury, as the most scrupulous witness.

To prove, by the testimony of one witness, what anothei person ·has said or testified, is the constant and invariable practice ; and facts of every kind are established by the oath of one witness ; and where it is otherwise, it is an exception to the general law of evidence ; as in the case of treason and in the probate of wills, which are the subjects of statute provisions ; and so in perjury, where the law requires that the crime shall be proved by the oaths of two witnesses, or, as it has been held in more modern times, by the oath of one witness, and by other independent and corroborating evidence, which is deemed of equal weight with another witness.

To follow out the argument contended for, not only the words testified to, but every other preliminary fact, should be proved by more than one witness. But the authorities are clear, and there is no doubt of the correctness of the ruling on this point. Serjeant Hawkins states it as the law, that it seems to be agreed that two witnesses are required in proof of the crime of perjury, but the taking of the oath, and the facts deposed, may be proved by one witness only; and he is supported by modern works of authority. 2 Hawk. c. 46, § 10. Roscoe Crim. Ev. (2d ed.) 770. 1 McNally on Ev. 37.

The second exception relates to the materiality of the evidence offered by the government; and as to this, the presiding judge instructed the jury, that if the evidence alleged in the indictment was admitted to go to the jury, in the trial of the cause in which the perjury was alleged to have been committed, the jury might infer that it was material; and that if they were satisfied that the evidence alleged to be false was allowed to be given in the case then on trial, that was sufficient for them to infer that it was material; but that the degree of materiality was not material.

The crime of perjury is the taking of a wilful false oath, by one who, being lawfully required to depose the truth in

any judicial proceeding, swears absolutely in a matter material to the point in question.   The oath must not only be wilfully false, but it must be material to the issue.   For if it be of no importance and immaterial, though false, it is not perjury, because it does not affect the issue ; and it lies on the prosecutor to prove that it is thus material.   And it is also necessary that it should be alleged in the indictment that the matter sworn to was material, or that the facts set forth as sworn to, and upon which the perjury is assigned, should be sufficient in themselves to establish the materiality.   4 Bl. Com. 137.  *The King* v. *Dowlin,* 5 T. R. 311.   *Commonwealth* v. *Knight,* 12 Mass. 274.   3 Stark. Ev. 1143.   *The King* v. *Prendergast,* Jebb's Cr. Cas. 64.   Roscoe Crim. Ev. (2d ed.) 764.   *Laiston's case,* 2 Rol. Rep. 41.

In the present case, (with the exception of the alleged interest of the party in the cause in which he was called upon to testify, which, it is admitted, was a material fact,) the presiding judge ruled, that if the evidence was permitted to go to the jury on the former trial, the jury who tried this indictment might infer it was material.   The learned judge did not hold that matter immaterial to the issue, though false, would sustain the charge of perjury ; but that, evidence being admitted to go to the jury on the former trial, such admission was sufficient evidence of its materiality.

We are of opinion that the learned judge gave too much weight to the fact that the evidence was permitted to go to the jury, without other proof of its materiality.   It often happens that testimony is admitted on the trial of a cause, either without objection, from its want of importance, or because there is no apparent legal objection to it, or for purposes of convenience, or through inadvertence, in the haste of the trial, much of which is immaterial to the issue.

In the case at bar, the averments (with the exception of the allegation as to the interest of the party in the suit) do not appear, on the face of them, to be material, or to bear on the issue to be tried.   It was not, we think, sufficient for the government to prove that the words alleged were sworn to

before the jury, on a former trial; but there should have been satisfactory evidence that the facts sworn to were material; because the proof of the speaking of the words, and their importance in the cause, are independent of each other.

To adopt the ruling of the court would be changing the nature of the proof, in the substitution of the fact that the evidence was admitted to the jury, instead of proof of its materiality; so that it would be sufficient to set forth, in the indictment, that the evidence went to the jury, and then prove the fact; thus making its materiality to depend, not on its bearing upon the issue, but on its admission in evidence to the jury. In the present case, that the defendant swore that he was not interested in the suit may not have been proved to the satisfaction of the jury; but they may have been satisfied of the truth of the other allegations, and thus the defendant may have been convicted upon their belief of the falsity of the facts sworn to, and which, being immaterial and unimportant, the giving of them in evidence, although a violation of strict truth, in itself considered, did not constitute the crime of perjury, which consists not in falsehood alone, but in the material character of the falsehood upon the issue or fact to be established.

As to the degree of materiality, the ruling of the learned judge was correct. It is enough if it was circumstantially material, though not in itself sufficient to establish the issue. *Rex* v. *Griepe*, 1 Ld. Raym. 256, and 12 Mod. 139.

The verdict is set aside, and the case is to be remitted to the municipal court for a new trial.