## The People v. Sherburne Gaige.

*Information: Perjury: Bill in equity: Verification.* An information for perjury alleged to have been committed in swearing to a bill in equity, which does not show that the bill is of a character required by law to be verified by oath, is insufficient, both at common law and under our statute (*Comp. L. 1857*, § *5821*); a general allegation, that the defendant was "lawfully required to declare and depose," etc., in such case, where the oath is not taken upon the trial of a cause, does not sufficiently show that the oath was either "required, or authorized by law."

*Perjury: Information: Materiality.* An allegation in such information, as to the materiality of the matter sworn to, that "it then and there became a material question in said bill of complaint, and in said judicial proceeding, whether," etc., is wholly insufficient and variant from the truth, where the bill is not one whose allegations can be treated as evidence on the trial of a cause; such an oath could only be required, or become material, upon some motion based upon it, and then its materiality to such motion must be alleged.— *People v. Fox, 25 Mich., 492.*

*Information: Defect: Evidence.* Where the information in such case, is thus defective, evidence that the bill prayed for an injunction, and that the oath was taken, and intended to be, or was, used on a motion for an injunction, does not help the case; such a defect in the information cannot be cured by the proofs.

*Heard October 8.    Decided October 22.*

Exceptions from Hillsdale Circuit.

*Dwight May, Attorney General,* for the People.

*C. A. & S. C. Stacy,* for the respondent.

CHRISTIANCY, CH. J.

The defendant was convicted, in the circuit court for

the county of Hillsdale, of perjury, in swearing to an affidavit verifying a bill in chancery filed by him against one Luther N. Tyler. The oath to the bill was in the usual form of such oath when the bill is required to be sworn to. The information as amended (for we do not think it necessary to consider the propriety of the amendment), does not describe the nature or object of the bill, nor does it aver that it contained any prayer for an injunction, preliminary or perpetual, nor for any preliminary order of any kind; nor does it state whether the bill waives an answer under oath. It sets out no part of the bill except that portion upon which the perjury is assigned, which is in the following words:

"And your orator (meaning himself, the said Sherburne Gaige) further shows unto your honor that one Luther N. Tyler, who is hereinafter made the defendant to this, your orator's bill of complaint, is the owner of a certain grist and flouring mill, in the said township of Scipio aforesaid, which said mill is not situated upon any part of the said premises hereinbefore described, and who has no claim or right or title to the said stream or water course, and who well knew all the rights, interest and estate of your orator in and to the said stream or water course, but who, contriving and unjustly intending to injure your orator in the premises, and to deprive your orator of the use and benefit and advantage and enjoyment of the said stream or water course, and to put your orator to great charge, trouble and expense and inconvenience, and to wholly ruin your orator's estate and interest in the said stream or water course, and to entirely divert the same from the said premises first heretofore described, has commenced to place obstructions across the channel of the said stream or water course at a point above the point or place where it enters upon the said premises first hereinbefore described,

and to dig a certain ditch, race or channel, which obstruction and race or channel will wholly and entirely divert the said stream or water course so that no part of the water, which would otherwise pass in and along said natural channel of the said stream or water course, will run therein, but the same will run across other lands to the said mill of the said defendant, and your orator will be entirely deprived thereof.

."And the said defendant gives out and threatens that he will go on and complete said obstruction or dam, and wholly refuses to desist therefrom, and unjustly denies your orator's rights and estate in the said stream or water course, and unjustly claims a right to wholly divert the same as aforesaid."

The information does not show upon its face, in any way, that the bill was of a character to require to be verified by the oath of complainant or any other person, nor, therefore, that the oath was either required or authorized by the statute or the common law (see *Comp. Laws of 1857*, § *5821*, the only section which could apply to such a case); for, if the bill (which, from the portion set out, would seem to have been one in reference to the diversion of a water course) was one which did not ask for any preliminary injunction or other order to be based upon such verification, it did not require to be sworn to, and, if sworn to, the oath would be wholly extrajudicial, serving no purpose whatever, and perjury could not be assigned upon it.—See *People v. Fox, 25 Mich., 492.*

It is true, the information, after alleging that defendant was sworn and took his corporal oath before the notary " having sufficient and competent power and authority," etc., goes on to say, " that the said Sherburne Gaige, being so sworn as aforesaid, and being then and there lawfully *required* to declare and depose the truth in a proceeding

in a court of justice, did, upon his oath aforesaid, concerning the matter contained in his said bill of complaint, then and there swear," etc., setting out the usual oath to a bill in chancery when any is required.    But this general allegation of the defendant being "lawfully required to declare and depose," etc., the oath not being taken upon a trial of a cause, is not sufficient; but the information should set forth the facts, or show enough of the nature of the proceedings and of the purposes for which the oath was taken, or to be used, to show that the oath was either "required or authorized by law."    This has always been the rule in cases of perjury, and cannot safely be departed from.    Had the information set forth the fact that this bill prayed for preliminary injunction (as by the bill introduced in evidence subsequently, appeared to be the case), and that this oath was taken for the purpose of being used upon an application for the allowance of an injunction, or for the appointment of a receiver, etc., it would have shown that the oath was authorized, if not also required, by the law, and that it was, therefore, a judicial oath.

For a like reason the information is defective in failing to show the materiality of the matter sworn to.  It alleges, it is true, that "it then and there became a material question in *said bill of complaint* and in *said judicial proceeding*, whether the said Luther N. Tyler had any claim or title to said stream or water course," etc.; and all the other allegations of materiality are in the same form. Now this form of alleging the materiality might be proper enough in a case where the information showed that the bill was of such a character that the allegations of the complainant were to be taken as evidence on the trial of a cause, but it is wholly insufficient, and variant from the truth, if the bill was not one whose allegations could be treated as evidence.

26 MICH.—5.

The information fails to show that the bill was such as could be thus treated as evidence; and if, for the purpose of trying the rights of the parties, the bill would have been equally good without the oath, then the oath could only be required or become material upon an application for an injunction, or order for appointment of a receiver, or some other motion to be based upon it; and its materiality should have been alleged in reference to the question of granting such injunction or other order. In such a case it could not be material to the cause itself.

The bill to which the alleged false oath was taken, when introduced in evidence, did not seem to cure the defects in the information. It was a bill alleging the complainant's right to a water course, its diversion and further threatened diversion of such water course by the defendant named in the bill; and though it prays for a preliminary injunction pending the litigation (as well as a perpetual injunction as the result of the litigation), it shows clearly that the bill was not required to be sworn to for any other purpose than that of obtaining the preliminary injunction, and that the oath was wholly immaterial and extrajudicial for any other purpose.

It, therefore, shows clearly that the information was not adapted to the case; and the evidence showing its materiality upon the question of issuing an injunction does not show that it was material to the cause itself (which is the fair meaning of the allegation in the information), and without any thing in the information to show that the bill prayed for an injunction, or that the affidavit was made, or intended to be used for that purpose, the evidence that there was such a prayer in the bill, and that the oath was taken and intended to be, or was, used for that purpose, does not help the case. Such a defect in the information cannot be cured by the proof.

It must, therefore, be certified to the circuit court for the county of Hillsdale, that the information is fatally defective, that no conviction can be had upon it, that the verdict should be set aside and the defendant discharged.

The other Justices concurred.