## UNITED STATES v. ROBINSON.

1. PERJURY—INDICTMENT—INSUFFICIENT.

    The powers of a register of a United States land office are specifically defined by law, and limited to particular acts and proceedings. And an indictment for subornation of perjury which alleges only that the false testimony was given "in the matter of a certain homestead claim of the said W. C., known as homestead entry numbered," etc., without averring the nature and facts of the proceeding before the register; *Held*, not sufficient to show that the proceeding was one in which the register had jurisdiction.

2. SAME—NECESSARY AVERMENTS.

    The subject of the inquiry or proceeding before the register should have been set forth distinctly and directly, in the indictment, to enable the court to know whether the matter deposed by the defendant was material and pertinent to the issue.

3. SAME.

    In an indictment for subornation of perjury the same rules apply and the same allegations are necessary, as in indictment for perjury.

Filed March 21, 1885.

Writ of error from the district court of Cass county.

Demurrer to indictment.

*Hugh J. Campbell, U. S. Attorney*, and *John C. Murphy, Ass't U. S. Attorney*, for plaintiff in error.

The indictment is drawn under Section 5393, Rev. Stat.

Defendant assigns as his specific objection to the indictment that it did not set forth sufficiently the tribunal, officer or person before whom the alleged perjury was committed, and the case pending before such officer, in the course of which the perjury is alleged to have been committed.

We contend that the indictment is clearly sufficient in both points.

The indictment sets forth, as to the case pending, the folfowing facts:

That it was "In the matter of a certain homestead claim of one William Clark, known as homestead entry number 1861, for the southwest quarter S. 14, T. 133, R. 61, in said district and territory, which said claim was then and there pending before Horace Austin, the register of the United States land office, at the city of Fargo, he, the said Horace Austin, as such register, then and there having competent and lawful jurisdiction of said claim, and the said claim being then and there a case in which a law of the United States authorized an oath to be administered."

The above quotation from the indictment also sets forth the person and officer before whom the alleged perjury is claimed to have been committed. It also avers that said person and officer had competent jurisdiction of the case. And the indictment subsequently avers in the usual words "that the said Horace Austin, as such register, then and there had sufficient and competent power and authority to administer an oath to William Clark, the person alleged to have been suborned in that behalf." Com. v. Corell, 105 Mass. 583; Crusen v. State, 10 Ohio, 258; Flint v. People, 35 Mich. 493; Stewart v. State, 22 Ohio St. 483; State v. Green, 24 Ark. 595; U. S. v. Dennee, 3 Wood, 39; Wharton's Precedent, 578, etc.

The statute as to perjury provides: "Every person who having taken an oath before a competent tribunal, officer or person in any case in which a law of the United States authorizes an oath to be administered." Rev. Stat. 5392.

In all cases where the tribunal before whom the perjury is committed is an officer or person, as distinguished from a court

of record, it seems to be sufficient to simply allege that the person was such officer.   Wharton Prec. 588, 587, 586, 584, 578.

It is only necessary to state the name and description of the court, and aver that it had jurisdiction.   Wharton Crim. Law, 2211, 2217, 2227.

Upon this point one of the leading cases is U. S. v. Wilcox, 4 Blatch. 392; also, People v. Phelps, 5 Wend. 9; Campbell v People, 8 Wend. 636; U. S. v. Sonachall, 4 Bissel, 429; State v. Newton, I Ia. 163; Halleck v. State, 11 Ohio, 400; State v. Ellison, 8 Blackford, 225; Second Chitty Criminal Law, page 324; State v. Foulk, 57 Mo. 463; 2 Bishop Crim. Proc., 902–6–10–11; Flint v. People, 35 Mich. 493; Commonwealth v. Knight, 12 Mass. 275; Crusen v. State, 10 Ohio, 258; U. S. v. Bailey, 9 Peters, 238; U. S. v. Winchester, 2 McLean, 136; Rev. Stat. U. S., Sec. 5396, 5397.

·*Thomas & Benton, Stone & Newman, Miller & Green, Twomey & Francis* and *Wilson & Ball,* for defendant in error.

An indictment for perjury should aver the facts which constitute the occasion for taking the oath.   State v. LaMont, 2 Wis. 323; Oregon v. Wythan, 6 Oregon, 366; U. S. v. Nickerson 17 How. 208.   It must show the affidavit one of a character required by law to be verified.   People v. Gage, 26 Mich. 30; Beecher v. Anderson, 45 Mich. 552; People v. Fox, 25 Mich. 493.

"Materiality must be shown by the nature of the cause and the evidence as set forth in the indictment."   State v. Wythan, 6 Oregon, 366; State v. LaMont, 5 Wis. 434; U. S. v. Wilcox, 4 Blatchford, 393; State v. Wakefield, 9 Mo. App. 326, 50 Me. 217.

And it must appear that the alleged false affidavit was procured for the purpose of being used in a case, matter, hearing or other proceeding where an oath or affirmation was required under the laws of the United States *idem.*

II.   The indictment should allege that the affidavit was made to be used, or was used in a suit pending, or other matter authorized by law.   People v. Fox, 25 Mich. 492.

And it must appear on the face of the indictment that there was a false swearing to some fact material to the issue or mat-

ter of inquiry, and tending to injure some person.    U. S. Dig.,
Sec. 17 cites; State v. Dodd, 3  Murph. N. C. 226; State v. Am-
mons, Id. 123; Martin v. Miller, 4 Mo. 47;  Pankey v. People, 2
Ill. 80.

The indictment attempts to charge subornation in the mat-
·ter of a certain homestead claim of one William  Clark pending
before Horace Austin, register, etc.    "The proof must be made
before both the register and receiver—it cannot be made before
one alone.  Fulton v. Doe, 5 How. 751; U. S. Dig. Public Lands
Sec. 233.

Except as to the postoffice address, the  assignments admit
the truth of the matters on which perjury is assigned.

"Every lawyer knows that kind of pleading is bad, and
constitutes what  is  termed  a  negative pregnant.      For,
though a negative expression, it implies an affirmative, because
it may be strictly true,  though  the  failure  be  infinitessimal.
Hence it is an admission of the facts charged."  ·Lynd v. Pick-
ett, 7 Minn. 184; Dean v. Leonard, 9 Id. 190; Hecklin v. Ess, 16
Id. 51, 204; Lilly v. McMillan, 3 N. W. Rep.  601;  Moulton v.
Thompson, 1 N. W. Rep. 836.

The indictment does not  show that the alleged false affida·
vit was made to be used for  any  purpose whatsover, nor, that
there was any motive for the making of any  such  affidavit, or
any possibility of its doing a benefit or an injury to any person
or persons natural or artificial.    Not a word is  said concerning
facts, if any, which constituted  on occasion for the taking of
the alleged false oath.

HUDSON, J.    This cause comes here for  review  upon  the
order and judgment of the court below, sustaining a demurrer to
the indictment.  The grounds of demurrer are that the facts stated
do not constitute a public offense, nor any offense against any
law of the United States.  The questions raised and argued by
counsel for the defendant in error arise  upon  that portion of
the indictment which seek to  charge  the  defendant with  the
offense of  subornation of perjury as follows:  "One James E.
Robinson, late of said district, etc., did solicit, suborn, procure,
instigate, and persuade one William Clarke to be and appear as

a witness in his own behalf, in the matter of a certain homestead claim of the said William Clarke, known as homestead entry number ten thousand eight hundred and sixty-one, for the southwest quarter of section numbered 14, of township numbered one hundred and thirty-three, of range numbered sixty-one, in said district and territory, which said claim was then and there pending before Horace Austin, the register of the United States land office at said city of Fargo, and he, the said Horace Austin, as such register, then and there having competent and lawful jurisdiction of said claim, and the said claim being then and there a case in which a law of the United States authorized an oath to be administered, and upon the the hearing of said claim before the said register to wilfully, willingly, knowingly, wickedly, corruptly, and contrary to his oath, swear falsely to certain material matters of inquiry in said case, which he, the said William Clarke, did not then and there believe to be true, and among other things in substance and to the effect following," etc.

It was contended by the counsel (1) that the facts stated do not show the occasion or subject of the inquiry in which the oath was taken, or that the matter sworn to was material; (2) that it does not appear from the facts stated in the indictment that the person or officer before whom the oath was taken, was authorized to administer an oath in any matter or proceeding than legally pending before him. The only allegation showing what was the subject of the inquiry before the register of the land office, is that which states it to be "in the matter of a certain homestead claim of the said William Clarke, known as 'homestead entry' numbered ten thousand eight hundred and sixty-one," etc. Inasmuch as the law specially defines the powers of the register of the United States land office, and limits that power to particular acts and proceedings which are prescribed, it is quite difficult to determine from this statement whether the oath taken or the proceeding had was in a matter which the register of the land office had jurisdiction of, or in which he had the power to act. If it was the matter of a homestead claim or homestead entry, an oath might be legally taken before

the register; if it was an affidavit, how and where was it to be used? As it appears in other parts of the indictment that the matters sworn to were not such as could be material to a homestead claim, but might be in a pre-emption, we cannot, by giving the language the most liberal construction, hold it sufficently definite to inform the court or the accused what the nature of the proceeding was in which the oath was taken. The facts should be averred which constitute the occasion; the court will take notice of the law. The subject of the inquiry should be set forth distinctly and directly, to enable the court to know whether the matter deposed by the defendant was material and pertinent to the issue. Perjury cannot be assigned as respects matter which is immaterial to the issue or not in a judicial proceeding. Com. v. Smith, 4 Allen, 243; People v. Collins, 1 Mich. 137; People v. Gage, 26 Mich. 30; People v. Fox, 25 Mich. 492; Beecher v. Anderson, 45 Mich. 552; S. C. 8 N. W. Rep. 539; Whart. Crim. Law, §§ 2240, 2241, 2252, note *n;* Com. v. Hatfield, 107 Mass. 227. In an indictment for subornation of perjury the same rules apply and the same allegations are necessary as in perjury. 4 Allen, 243, *supra*; Whart. Crim. Law, § 2271.

It is alleged that this matter of a homestead claim or homestead entry was pending before Horace Austin, the register of the land office, and that the said register then and there had competent and lawful jurisdiction of said claim, and that it was a case in which a law of the United States authorized an oath to be administered. These allegations are conclusions of law; they may very properly be made, but are of no importance unless the facts stated sustain them. It may fairly be inferred, from what is stated, that this was the commutation of a homestead to a pre-emption, and that the oath was taken on the final proof. If this was the fact, then the claim referred to in the indictment was not and could not have been pending before Horace Austin, register, but if authorized by the law must have been pending before the register and receiver of the United States land office. Section 2263, Rev. St. It is not perceived how any of the matters upon which perjury is assigned could in any

event have become material in any investigation before the register, or register and receiver, of the United States land office.

Some objections were urged to the averments negativing the facts sworn to; but, as the views already expressed dispose of the case, it is unnecessary to consider them. The order and judgment of the court below is affirmed. All the justices concurring.