PEOPLE *v.* VOGT.

CRIMINAL LAW—PERJURY—INFORMATION—NECESSARY AVERMENTS
—AMENDMENTS.

An information for perjury averred that it was a material
question whether, in a bill for a divorce, respondent had been,
for two years preceding the filing of the bill, a resident of
this State; that respondent at the trial, upon oath, in answer
to a question as to how long he had lived in the State, replied:
"About two years and a couple of months." Whereas, in
truth and in fact, he had not so resided for such time preced-
ing the filing of such bill. *Held,* that the information not
averring the date of the filing of the bill, and not negativing
the truth of the statement as to the time he had lived in the
State at the time of the trial, was fatally defective; and the
information not being amendable, respondent was entitled to
his discharge.

Exceptions before judgment from the recorder's court
of Detroit; Phelan, J. Submitted April 29, 1909.
(Docket No. 116.) Decided May 25, 1909.

G. Edward Vogt was convicted of perjury. Reversed,
and respondent discharged.

*William D. Ellsworth* (*Vernon H. Burke,* of coun-
sel), for appellant.

*Philip T. Van Zile,* Prosecuting Attorney, and *Fred
H. Aldrich,* Assistant Prosecuting Attorney, for the
people.

MONTGOMERY, J. The respondent was convicted
under an information for perjury which charged that on
the trial of a certain divorce case in the circuit court in
chancery of Wayne county, in which respondent was
complainant and Elizabeth Vogt defendant, it became
and was—

"A material question whether the said complainant, G. Edward Vogt, was for the two years preceding the filing of his said bill of complaint a resident of the city of Detroit, county of Wayne, and State of Michigan. That the said G. Edward Vogt, being so sworn as aforesaid, contriving and intending to prevent the due course of law and justice, then and there, on the trial of said issue, upon his oath as aforesaid, falsely, corruptly, knowingly, wilfully, and maliciously, before the said Honorable Joseph Donovan, circuit judge of the aforesaid, did depose and swear, among other things, in substance and to the effect following, in reply to the question, 'Where do you (meaning the said G. Edward Vogt) live?' the following, 'In Detroit,' and in reply to the question, 'For how long?' (meaning in Detroit) did reply the following, 'About two years and a couple of months.' Whereas, in truth and in fact the said G. Edward Vogt did not reside in the city of Detroit, county of Wayne, and State of Michigan, preceding the time of the filing of the said bill of complaint, two years and a couple of months, nor two years."

The question is whether this information stated an offense. The information contains no averment as to the date of the filing of the bill of complaint in the chancery case. The only averment as to what constituted the material question is that it was material as to whether the complainant was a resident for two years preceding the filing of his bill of complaint. The testimony he is charged with having given related to a period of two years prior to the giving of such testimony. The truth of this testimony is not negatived; the only averment in that regard being that in truth and in fact the said G. Edward Vogt was not a resident of the State of Michigan for two years preceding the time of the filing of his bill of complaint. It is clear, therefore, that there is no specific charge of the materiality of the testimony which he in fact gave, nor is there a direct averment of its falsity. Except where the materiality of it sufficiently appears from the oath itself, the materiality of that part of the oath in which perjury is assigned should be averred.

The general averment that "it became and was material to ascertain the truth of the matter hereinafter alleged to have been sworn to" is held not to have been a good averment of materiality. It is also essential that the averment of perjury shall consist of a special averment negativing the oath, or some part of it. Merely saying that the defendant swore falsely so and so would be bad. Archbold's Criminal Pleading, Evidence, and Practice (23d Ed.), p. 1055 et seq.; *Commonwealth* v. *Compton*, 18 Ky. Law Rep. 479. See, also, *Enders* v. *People*, 20 Mich. 233.

Where the information fails to aver facts constituting an offense, it is not subject to amendment. *Byrnes* v. *People*, 37 Mich. 515; *People* v. *Gaige*, 26 Mich. 30.

The conviction is set aside, and the prisoner discharged.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.