PEOPLE v. PECK.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. PERJURY (§ 11*)—MATERIALITY OF TESTIMONY.
   Willfully testifying falsely to an immaterial fact is not perjury.
   [Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 38–54; Dec. Dig. § 11.*
   For other definitions, see Words and Phrases, vol. 6, pp. 5305–5310; vol. 8, p. 7751.]

2. PERJURY (§ 25*)—INDICTMENT—MATERIALITY—NECESSITY OF ALLEGATIONS.
   The indictment in perjury need not charge that the false statements were material, provided the facts alleged show that they were material.
   [Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

3. PERJURY (§ 25*)—INDICTMENT—MATERIALITY OF EVIDENCE—ALLEGATIONS.
   An indictment for perjury committed during an examination of accused in a proceeding by the superintendent of insurance, relating to the affairs of the insurance company of which he was an officer, alleged that it became material in such inquiry whether a contract between accused and the corporation, requiring it to pay him three cents from each quarterly capita tax paid by every member, and one-half cent from each monthly rate payment on certificates issued, was a liability of the corporation, whether the contract was valuable and was binding and a legal claim against it, and whether the corporation owed defendant thereunder, and that defendant falsely and willfully testified that he "thought" the contract was a liability of the corporation, and "believed" that it was binding upon it and was valuable, and that he "considered" that the corporation owed him thereunder, when accused well knew that the facts were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contrary to his statement of what he thought, believed, or considered them to be. *Held,* that the indictment did not show false testimony as to a material question of fact, the validity and existence of the contract being questions of law upon which accused's opinion could not be material, and hence the indictment was insufficient.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 85–89; Dec. Dig. § 25.*]

4. PERJURY (§ 33*)—INDICTMENT—PROOF.

Even if the indictment alleged as a material question of fact accused's answer as to whether the insurance company owed him upon the contract, his answer that the company still owed him thereunder was shown not to be false by uncontradicted evidence that he had been paid nothing under it, so that he could not be convicted under that allegation.

[Ed. Note.—For other cases, see Perjury, Dec. Dig. § 33.*]

McLennan, P. J., dissenting in part.

Appeal from Trial Term, Onondaga County.

Willard H. Peck was convicted of perjury, and he appeals. Reversed, and indictment dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William Nottingham and Ceylon H. Lewis, for appellant.

George H. Bond, Dist. Atty., and George W. Standen, for the People.

ROBSON, J. The indictment upon which defendant's conviction was had charges that the perjury assigned was committed during the course of an examination made by an examiner appointed by the superintendent of insurance to examine into and report on the affairs of the People's Mutual Life Insurance Association, an insurance society and corporation duly organized, incorporated, and existing under and by virtue of the laws of this state and doing business at the city of Syracuse, which was subject to the supervision of the insurance department of this state, of which corporation defendant was at all the times thereinafter mentioned an officer and secretary, and that on the 6th day of January, 1910, in the course of such examination, the defendant was duly sworn before the said examiner to give true evidence touching the matters in question upon such examination, the said examiner then and there having sufficient and competent authority to administer such oath in that behalf. The indictment further charges that upon said examination it became then and there a material question whether a contract, which the defendant had with the corporation, that it should pay defendant three cents from each quarterly capita tax paid by every member belonging to it and one-half cent from each monthly rate payment on all certificates issued by it, was a liability of the corporation, whether said contract was binding upon it, whether such contract was valuable, whether it owed defendant upon such contract, and whether said contract represented a legal claim against it. It is further charged that defendant, being so sworn and upon oath, falsely, feloniously, corruptly, knowingly, and willfully testified that "he thought that said contract was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a liability" of the corporation "and that he believed that at all times said contract was binding upon" it, "and that he considered said contract valuable," and that "he considered" the corporation "owed him upon the contract," and that "he believed that said contract represented a legal claim against" it. Each of these statements is then separately negatived; and it is further charged that defendant in each instance well knew that the fact was contrary to the statement so made of what he thought, believed, or considered such fact to be.

The question of the sufficiency and legality of the indictment was directly and fully presented by the demurrers interposed thereto.

[1] Willfully and knowingly testifying to an immaterial fact is not perjury. People v. Teal, 196 N. Y. 372, 89 N. E. 1086, 25 L. R. A. (N. S.) 120. The indictment does not in words charge that any or all of the statements therein alleged to have been made by defendant were material or were of and concerning a matter material in the proceeding then being conducted by the examiner.

[2] It is not necessary that the indictment so charge, provided the facts which are set forth therein are sufficient in themselves to show that the sworn statements alleged to be false were material. But the materiality must be shown in the indictment itself either by direct statement or by the facts stated therein. Wood v. People, 59 N. Y. 117, 121; People v. Gillette, 126 App. Div. 665, 672, 111 N. Y. Supp. 133; Commonwealth v. Pollard, 53 Mass. 225, 229.

[3] The facts stated in the indictment do not show that the matters upon which defendant made under oath the statements assigned as perjury were pertinent or material to any matter before the examiner for examination. Upon that examination the questions then and there (i. e., when defendant was sworn and examined as a witness) material were, as stated in the indictment, whether the contract was a liability of the corporation, whether the contract was binding upon the corporation, whether the contract was valuable, whether the corporation owed defendant upon it, and whether it represented a legal claim against the corporation. The apparent equivalent of all these questions is the single one, Was the contract a valid and subsisting one? Whatever may in fact have been the object or scope of the examination, for the purpose of this action the indictment has limited it to this single material matter. This being so, it is apparent that neither its validity nor its legal effect could be determined as a fact by ascertaining what any one, even an officer of the corporation, "thought" or "believed" or "considered" upon the subject. In other words, the fact of the existence of such a contract being alleged in the indictment, its validity and effect were on the face of the indictment itself plainly questions of law, in the determination of which the defendant's opinion, or his statements sounding in opinion only, could not be material. It follows that the demurrers to the indictment should have been allowed, and judgment to that effect directed.

[4] It may, however, be suggested that since, as has already been stated, the indictment sets forth, as a material matter on the examination, the question whether the insurance corporation owed

defendant on the contract, that allegation unexplained might include the question whether, even conceding the validity of the contract, defendant had been paid and had received everything to which he was entitled under it. I do not think this suggestion is tenable, because the material matter alleged was the legality of the contract itself. But, if it be tenable, then it was fully met when it appeared by the uncontradicted evidence on the trial that defendant had been paid nothing on the contract; and, if valid, the corporation still owed the amount it had thereby agreed to pay. This fact having been made to appear, the defendant disposed of all claim that his statement before the examiner might be considered as false for the reason suggested, and his motion made at the close of the evidence that the court direct an acquittal should have been granted.

The record also contains exceptions to the admission and rejection of evidence and to the charge of the court, which it is believed present reversible error; but, because the present disposition of this appeal necessarily follows from the views above indicated, it is unnecessary to refer to them further.

The judgment, the order denying new trial, and the order overruling and denying defendant's demurrers should be reversed, the demurrers to the indictment allowed, and the indictment dismissed. All concur, McLENNAN, P. J., concurring only as to the reversal of the judgment and order denying motion for new trial, because of errors committed upon the trial, being of the opinion that the indictment alleges a crime, and that the demurrers were properly overruled.