## STATE OF NORTH DAKOTA v. GUSTAVE A. FALK.

(159 N. W. 10.)

**Perjury — false testimony — civil action — during trial of — issues — no proof of — testimony — materiality of — conviction for — immaterial testimony — will not stand — advised verdict — motion for — error raised by — instructions — exceptions.**

A prosecution for perjury for alleged false testimony given by defendant during trial of a civil action. There was no proof made of what the issues were in such civil action. Hence, there was no evidence from which to determine the materiality of such false testimony. A conviction of perjury cannot be sustained upon immaterial testimony, or sustained without proof of materiality of the false testimony upon which the prosecution is predicated. Such error was raised by motion for an advised verdict of acquittal, again on exceptions to instructions.

Opinion filed July 26, 1916.

Appeal from a judgment of conviction of perjury entered in the District Court of Morton County, *Hanley*, Judge.

Reversed and a new trial granted.

*A. T. Faber,* for appellant.

The essentials of the crime charged are: the taking of the oath, in a proceeding before a competent tribunal, in cases in which an oath may be administered; giving testimony, and, wilfully and contrary to said

Note.—Authorities on the question of whether a charge of subornation of perjury may be based on false testimony which is immaterial are collected in a note in 25 L.R.A.(N.S.) 120, which may be of interest in connection with this case.

oath, stating any material matter which he knows to be false.   Comp.
Laws 1913, § 9366; Hitesman v. State, 48 Ind. 473; People v. Simp-
ton, 133 Cal. 367, 65 Pac. 834; State v. Divoll, 44 N. H. 140; United
States v. McConaughy, 33 Fed. 168; Brown v. State, 91 Wis. 245, 64
N. W. 749; 16 Enc. Pl. & Pr. 329; State v. Scott, 78 Minn. 311, 81
N. W. 3.

The information must contain a positive declaration or averment
that defendant was duly sworn to testify truthfully.   People v. Simp-
ton, 133 Cal. 367, 65 Pac. 834; People v. Dunlap, 113 Cal. 74, 45 Pac.
183.

All of the elements specified in the statute must be alleged.   State v.
Webb, 41 Tex. 67; Juaraqui v. State, 28 Tex. 625.

The information must allege in general terms that certain issues
were joined and on trial in the proceeding in which the alleged perjury
was committed.   It is not sufficient to allege that the issue to be tried
was material.   Guston v. People, 61 Barb. 35; People v. Howard, 111
Cal. 655, 44 Pac. 342; Rosebud v. State, 50 Tex. Crim. Rep. 475, 98
S. W. 858; McMurtry v. State, 38 Tex. Crim. Rep. 521, 43 S. W.
1010; Buller v. State, 33 Tex. Crim. Rep. 551, 28 S. W. 465.

The name of the court must also be alleged.   3 Whart. Crim. Law,
2221; State v. Ayer, 40 Kan. 43, 19 Pac. 403; State v. Oppenheimer,
41 Tex. 82.

The period of time in which the alleged false testimony was material
to the issue on the trial upon which the alleged perjury was committed.
This is essential so as to apprise defendant of the charge against him.
People v. Vogt, 156 Mich. 594, 121 N. W. 293; People v. Maxwell, 118
Cal. 50, 50 Pac. 18; State v. Webb, 41 Tex. 67; Gibson v. State, 44 Ala.
17; State v. Lea, 3 Ala. 602; State v. Raymond, 20 Iowa, 582; Fitch
v. Com. 92 Va. 824, 24 S. E. 272; Burns v. People, 59 Barb. 531.

The state must establish what the material issues were in the case
in which the false testimony is alleged to have been given, in order to
show the fact that the false testimony was material to such issue.   2
Bishop, Crim. Proc. 3d ed. § 933; People v. Ah Sing, 95 Cal. 657, 30
Pac. 797; Bledsoe v. State, 64 Ark. 474, 42 S. W. 899; 3 Greenl. Ev.
§ 197; State v. Aikens, 32 Iowa, 403; Wood v. People, 59 N. Y. 117;
McMurry v. State, 6 Ala. 324; Heflin v. State, 88 Ga. 151, 30 Am. St.

Rep. 147, 14 S. E. 112; People v. Lem You, 97 Cal. 224, 32 Pac. 11; People v. Macard, 109 Mich. 623, 67 N. W. 968.

An instruction is erroneous where it assumes material facts to be proved of which there is no evidence or upon which the evidence is contradicted or controverted. 12 Cyc. 601 (XIV); People v. Matthai, 135 Cal. 442, 67 Pac. 694; Densmore v. State, 67 Ind. 306, 33 Am. Rep. 96; State v. Bige, 112 Iowa, 433, 84 N. W. 518; Com. v. Smith, 153 Mass. 97, 26 N. E. 436; State v. Peltier, 21 N. D. 188, 129 N. W. 451; Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Barry, 11 N. D. 428, 92 N. W. 809.

*Wm. Langer,* State's Attorney, *Henry J. Linde,* Attorney General, *Francis J. Murphy* and *H. R. Bitzing,* Assistant Attorneys General, for respondent.

No information or indictment is insufficient, nor can the trial judgment or other proceedings thereon be affected by reason of a defect or impression in matters of form which does not tend to affect the proceedings or the substantial rights of the defendant upon the merits. Comp. Laws 1913, § 10694; State v. Tolley, 23 N. D. 284, 136 N. W. 784.

It is not·necessary in an information to state presumptions of law, nor matters of which judicial notice is taken. Comp. Laws 1913, § 10695.

Goss, J. Defendant was informed against and convicted of perjury committed during the trial of a civil action. He appeals, assigning many errors, only one of which is necessary to be considered. To charge perjury, it was necessary to allege the materiality of the false testimony given. To establish materiality, proof of the issues under which the testimony was offered was essential. But there is no proof of what the issues were in the trial during which the alleged false testimony was given, from which to determine materiality of the evidence given. This failure of proof was raised by motion to advise a verdict of ac·quittal, and again on exceptions to instructions. The trial court instructed: "And in determining whether or not the testimony was material, as stated before, the question you should bear in mind is what the issues were in the former trial, what the complaint was in the former trial and what the issue was that was being tried." And "the

question that you are trying is, . . . whether or not, as such witness, Falk testified falsely *to any material fact in that case,* and if you find beyond a reasonable doubt from the evidence that he did so testify falsely to a material fact, and that he knew he was testifying falsely at that time to such material fact, and knew it was material, then, under the information and under these instructions, you should find the defendant guilty." The court also instructed upon materiality, when testimony would be material and when it would not be. The exception taken to these instructions is that "the court erred in assuming without any evidence that the state had established what the material issues in the former trial were upon which the alleged perjury was assigned."

The alleged perjury was committed in a civil action, and one in which the information charges that it was a material issue to establish that a common nuisance was kept and maintained at a certain place by the keeping of intoxicating liquors for sale there as a beverage, or by permitting people to there resort for the purpose of drinking intoxicating liquors; and the testimony of Falk wherein he denied seeing beer or seeing others drink beer there, the alleged false testimony, is set forth. The materiality of these statements is apparent from the face of the information, and therefore materiality is probably sufficiently alleged (Comp. Laws 1913, § 10700; Fitch v. Com. 92 Va. 824, 24 S. E. 272; 30 Cyc. 1435; Whart. Crim. Law, 11th ed. § 1549), although it is in bad form and open to question. See People v. Vogt, 156 Mich. 594, 121 N. W. 293; State v. Mumford, 12 N. C. (1 Dev. L.) 519, 17 Am. Dec. 573; and United States v. Robinson, 4 Dak. 72, 23 N. W. 90. But in proving its case the state wholly overlooked offering proof of what the issue was in said nuisance action. It offered in evidence only the summons, complaint, and injunctional order therein issued, without putting in evidence the answer or establishing whether any allegation of said complaint was controverted or was in issue on trial in said action. The proof as to issues on trial in the civil action is as indefinite as though the complaint therein was not in evidence. For all that appears upon this record every syllable of testimony given by Falk may have been upon matters concerning which there was no issue and no necessity of proof whatever. And it seems that this was not entirely an oversight, as the clerk of the court

was called by the state and asked to produce certain records in said civil action, and gave this testimony:

Q. Where are the records now?

A. The records were sent down to justice court in another case and I have not gotten them back from him.          .

Subsequently he found a portion of them, the summons and complaint, and upon his testimony as a basis, they were offered and received in evidence. But the way in which the issue arose upon which the alleged false testimony was given is wholly unproven. In fact, there was no proof whatever of that issue on trial or that there was any issue for trial or tried. So far as the record is concerned it simply proves that certain false testimony was given, without any proof of how it was material or to what extent it was material or necessary, or proof of its materiality upon any question determined in the civil action. Its materiality then is wholly left to speculation, and, as stated in the exception to the court's instruction, the court "assumed without any evidence that the state had established what the material issues in the former trial were upon the alleged perjury so assigned." It is almost elementary that any allegation that is necessary to be made in a criminal information is also necessary to be proven to support a conviction thereon. The text books and cases are in accord upon the necessity of proof of the materiality of the alleged false testimony; and to prove materiality it is necessary therefore to prove as a fact on the trial for perjury so much of the issue as is necessary to establish such materiality. "On a prosecution for perjury the materiality of the testimony may be shown by introducing all or so much of the pleadings in the action as show the issues, together with proof of such facts as tend to show the testimony to be on a material issue." 30 Cyc. 1446-F. See also Comp. Laws 1913, § 10700. And again, "To sustain an indictment for perjury there must be proof that the false testimony was material to the issue, unless by statute materiality is rendered unnecessary. The record of the case or a duly authenticated transcript thereof is necessary for this purpose, and the fact that the testimony was received is not, standing alone, sufficient. . . . In no event can the materiality of the testimony or assertion assigned as perjury be established by the opinions of witnesses." 30 Cyc. 1450. "In a trial at nisi prius on

an indictment for perjury the postea must be produced by the plaintiff. At common law generally the entire record should be put in evidence." Whart. Crim. Law, 11th ed. § 1590. "To sustain a conviction for perjury it must appear, either upon the face of the facts set forth in the indictment that the matter sworn to upon which the perjury is assigned was material, or it must be expressly so averred *and the materiality must be proved upon the trial."* Syllabus in Wood v. People, 59 N. Y. 117. The opinion in that case in part reads: "The materiality must be proved on the trial or there can be no conviction. A false oath upon an immaterial matter will not support a conviction for perjury." The same is the holding in People v. Peck, 146 App. Div. 266, 130 N. Y. Supp. 967, affirmed by court of appeals in 206 N. Y. 669, 99 N. E. 1114. The opinion in part reads: "The indictment does not in words charge that any or all of the statements therein alleged to have been made by defendant were material, or were of and concerning a matter material in the proceeding then being conducted by the examiner. It is not necessary that the indictment so charge, provided the facts which are set forth therein are sufficient in themselves to show that the sworn statements alleged to be false were material. But the materiality must be shown in the indictment itself, either by direct statement or by the facts stated therein." And from the syllabus: "Wilfully testifying falsely to an immaterial fact is not perjury." Another leading case illustrative of the failure of proof in the case at bar, and from the New York court of appeals, is People v. Teal, 196 N. Y. 372, 25 L.R.A.(N.S.) 120, 89 N. E. 1086, 17 Ann. Cas. 1175. The opinion is in a case for subornation of perjury, but the rule is the same, as to suborn perjury, perjury must have been committed. In People v. Teal, the false testimony was procured to have been given in a divorce action by Helen K. Gould v. Frank J. Gould. The complaint charged defendant with an act of adultery with a party named, and as occurring in Canada. The alleged false testimony offered in proof of said complaint described an alleged act of adultery with a different person, and in New York city. The party procuring this testimony to be given was convicted of subornation of perjury. The opinion by Justice Werner states: "The bare statement of these facts, unrelated both in pleading and in circumstance, is sufficient to draw attention sharply to the utter irrelevancy, incompetency, and immateriality of the false

testimony solicited to the issue tendered by the complaint in Gould
v. Gould. . . . From time immemorial the common law has made
the materiality of false testimony an essential ingredient of the crime
of perjury. From their earliest beginnings our statutes have always
embodied that rule. Our penal laws, but recently recodified, have con-
tinued it. That, in short, is the unquestioned law of this state. . . .
Subornation of perjury can only be predicated upon perjury committed.
. . . That crime in the case at bar is subornation of perjury, and
could only have been committed if the false testimony, if given, had
constituted perjury. It seems to follow therefore that if there could
have been no subornation of perjury, there was in fact no attempted
subornation of perjury within the meaning of the statute. If the per-
son actually giving false testimony is not guilty of perjury, the person
through whose procuration the testimony is given cannot be guilty of
subornation of perjury. . . . If this reasoning is sound, it is clear
that the question before us resolves itself into the inquiry whether the
actual giving of the false testimony set forth in the indictment would
have constituted the crime of perjury. We have already said that the
false testimony which the defendant attempted to procure was irrele-
vant, incompetent, and immaterial to the only issue presented by the
complaint in Gould v. Gould. We may pass without discussion the
elements of irrelevancy and incompetency. These could have been
waived. They are, moreover, not essential to the commission of perjury
as defined in the statute. It is different, however, as to materiality.
*If false testimony is not material, it cannot support an indictment for
perjury.* The testimony upon which a charge is predicated must be
false 'in any material matter.' The testimony solicited of MacCauslan
was not false in any matter material to the issue in Gould v. Gould, and
we do not see how the conviction in the case at bar can be sustained."
See also the several recent perjury cases from Texas of Reed v. State,
— Tex. Crim. Rep. —, 174 S. W. 1065; Cox v. State, — Tex. Crim.
Rep. —, 174 S. W. 1067; and Jones v. State, — Tex. Crim. Rep. —,
174 S. W. 1071. If a conviction cannot be sustained where the record
discloses the false testimony to be immaterial, certainly conviction for
perjury cannot be sustained here where the record wholly fails to dis-
close its materiality to the inquiry upon which it was given. All proof
of how and in what respects any of these false statements were material

to the issues involved in the civil action is wholly lacking. Under the record made it can be assumed that defendant wilfully testified falsely, but that does not establish his guilt of the crime of perjury. He could have admitted the giving of such false testimony, but still have been entitled to have the issue of its materiality passed upon by the jury, and if found immaterial in fact, be acquitted of perjury. No crime is therefore proven. The conviction therefore upon insufficient testimony is set aside and the case is remanded.