CAVANAGH, J.
(concurring in part and dissenting in part). Today, the majority determines that MCL 750.423, which sets forth the definition of perjury, does not require proof of materiality. The majority’s decision allows a prosecutor unfettered discretion to charge a party or witness with perjury for any discrepancy made under oath, no matter how trivial. While I concur with the majority that materiality is not an element for the jury to decide, I believe that the issue of materiality is a question of law, which is a threshold requirement for the trial court to determine. Therefore, I respectfully dissent.
A person accused of perjury in a court proceeding is charged under MCL 750.422. MCL 750.422 states the following:
Any person who, being lawfully required to depose the truth in any proceeding in a court of justice, shall commit perjury shall be guilty of a felony, punishable, if such perjury was committed on the trial of an indictment for a capital crime, by imprisonment in the state prison for life, or any term of years, and if committed in any other case, by imprisonment in the state prison for not more than 15 years.
MCL 750.423 defines perjury and became effective on September 18, 1931. MCL 750.423 states the following:
Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or re *263 quired, shall be guilty of peijury, a felony, punishable by imprisonment in the state prison not more than 15 years.
From May 18, 1846, to the time MCL 750.423 was enacted in 1931, perjury was defined as follows:
If any person authorized by any statute of this state to take an oath, or if any person of whom an oath shall be required by law, shall willfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, such person shall be deemed guilty of peijury .... [RS 1846, ch 156, § 2.]
Since 1846, our Legislature has defined perjury as falsely swearing “to any matter or thing.” Also since that time, this Court has repeatedly held that alleged perjured statements must have been material to an issue or cause in the prior proceeding.
In People v Almashy, 229 Mich 227, 230; 201 NW 231 (1924), this Court stated, “It is fundamental that both the oath and the facts sworn to must be material in order to justify conviction of perjury.” In People v Kert, 304 Mich 148, 154-155; 7 NW2d 251 (1943), this Court stated, “While perjury... is defined as a wilful false swearing in regard to any matter or in respect to which such oath is authorized or required, it is always necessary to show that the perjury was in regard to a material fact.” Numerous other cases have also stated that claims of perjury must allege materiality. See People v Cash, 388 Mich 153,159; 200 NW2d 83 (1972); People v Vogt, 156 Mich 594, 595; 121 NW 293 (1909); People v Ostrander, 110 Mich 60, 61; 67 NW 1079 (1896); People v McCaffrey, 75 Mich 115, 120, 124, 126; 42 NW 681 (1889); Flint v The People, 35 Mich 491, 493 (1877); People v Fox, 25 Mich 492, 496 (1872) (majority opinion by COOLEY, J.); People v Gaige, 26 Mich 30, 33 (1872); People v Collier, 1 Mich 137, 138 (1848) (“It is a well-settled rule, that it must appear on the face of the *264 indictment that the false allegation was material to the matter in question; for if it be of no importance, though false, it will not be perjury . . . .”); see also Model Penal Code, § 241.1; ULA Penal Code 241.1.
I disagree with the majority’s assertion that in all prior cases dealing with perjury, our courts did not properly analyze the statutory language. Even Chief Justice CORRIGAN, the author of the majority opinion in this case, wrote an opinion when she was at the Court of Appeals stating that materiality is an essential element of statutory perjury. People v Kozyra, 219 Mich App 422, 428-429, 432; 556 NW2d 512 (1996). In Kozyra, supra at 432, the Court of Appeals stated, “One of the essential elements of perjury is that the issue or cause to which the defendant swears is material. ... For purposes of a perjury prosecution, a statement is material if it could have affected the course or outcome of the proceeding.”[1]
The idea that materiality is a question of law for the trial court to determine is not a novel one. For over 150 years, this Court has recognized this proposition. Today, the current majority states that for over a century and a half, justices who have come before them have been wrong. I do not agree with such a notion.[2]
*265 “The application of stare decisis is generally the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.” People v Petit, 466 Mich 624, 633; 648 NW2d 193 (2002) (citations and interned quotation marks omitted). Even if this Court determines an error was made, “ ‘[bjefore this court overrules a decision deliberately made, it should be convinced not merely that the case was wrongly decided, but also that less injury will result from overruling than from following it.’ ” Id. at 634, quoting McEvoy v Sault Ste Marie, 136 Mich 172, 178; 98 NW 1006 (1904). Even if past Courts erred, I find it hard to fathom that the majority believes that less injury will result to our citizens when they can be charged with perjury over immaterial discrepancies.
The majority states that I have not considered reliance interests and have not explained how overruling earlier case law “will produce any real-world dislocations.” Ante at 256 n 9. I note that there are likely no superficial reliance interests to consider when a case involves a matter of criminal justice. How unlikely it would be for this Court to decide not to overrule a past case because criminals have been relying on it to further their criminal conduct. Notably, the majority’s argument can be made any time a case involves a matter of criminal justice. However, I do not believe that, merely because a case involves a criminal matter, the edicts of stare decisis are discarded. This Court’s 150-year history of recognizing that materiality is a question of law and our citizens’ reliance on this Court’s consistent application of the law must not be discarded merely because of a perceived lack of reliance interests.
*266 Further, the majority quotes from People v Chavis, 468 Mich 84, 94 n 6; 658 NW2d 469 (2003), and states that prosecutors have always had great discretion in whether to file charges. The majority also notes, “ ‘Any apprehension that the prosecutor may abuse this power should be tempered, in part, by the knowledge that there are significant systemic protections afforded defendants, including the defendant’s right to a preliminary examination and right to a jury trial.’ ” Ante at 255 n 6, quoting id. However, by eliminating any determination of materiality by the court, a preliminary examination and jury trial will offer little protection to those charged for trivial matters. The majority certainly does not mean to advocate jury nullification, yet that is what it is doing when it mentions the protections of a jury trial. While the prosecutor must prove his case beyond a reasonable doubt, the problem is in the nature of the charge. The perjury charge may be related to an inconsequential discrepancy, yet if it is proven beyond a reasonable doubt, the jury has no choice but to convict.
Finally, while the majority is comforted by the prosecutor’s daily scrutiny by the media and periodic elections, I am certain this provides little comfort to the witness, undoubtedly a witness who testified in a manner that was contrary to that sought by the prosecutor, who sits in prison.
Accordingly, I concur with the majority that materiality is not an element of perjury for the jury to determine. However, I would hold, consistently with this Court’s decisions for over 150 years, that the issue of materiality in a perjury prosecution is a question of law for the trial court to determine. Therefore, I respectfully dissent.
Kelly, J., concurred with CAVANAGH, J.

 While I disagree that materiality is an element of perjury for the jury to determine, the necessity that the allegedly perjured statement be material to the proceedings has been consistently held in our jurisprudence.

 I also do not agree that this issue is controlled by federal constitutional law. I agree with the majority that all essential elements of an offense must be submitted to a jury, as stated in United States v Gaudin, 515 US 506, 523; 115 S Ct 2310; 132 L Ed 2d 444 (1995); however, I believe that the issue of materiality is not an element. Rather, consistently with our past jurisprudence, materiality is a question of law. As such, it is well within the purview of the courts to determine.