People *v.* Collier.

---

## PEOPLE *v.* COLLIER.

An indictment for perjury must aver the false allegation was material to the matter in question, or it must clearly appear from the indictment to have been so from the statement alleged to be false.

Where an indictment for perjury stated, "it became and was material to ascertain the truth of the matters hereinafter alleged to have been sworn to," stating what defendant swore to, the averment was held insufficient.

---

People *v.* Collier.

---

An innuendo is bad when there is nothing previously stated to which it can refer.

R. S. 1838, p. 639, sec. 2, does not make that perjury which is not material to the issue.

CASE reserved from the District Court for the county of Jackson.

*H. N. Walker, attorney general,* for the people.

*Joy,* for defendaut.

*By the court,* WING, J.   It is alleged, among other reasons, in arrest of judgment, that there is no sufficient averment of the materiality of the alleged false testimony or matter falsely sworn to by the defendant, to the question or matter which was the subject of inquiry before the justice.

The indictment alleges, in substance, that a complaint was made against one Allen Boyce, charging him with having stolen a bay horse and one mule, the property of one Benjamin L. Collier (the defendant); and that the matter came on to be heard and determined, and that the defendant was in due form of law sworn as a witness.   There is then inserted in the indictment the following averment: " *and then and there upon the hearing of the said complaint, it became and was material to ascertain the truth of the matter hereinafter alleged to have been sworn to and stated by the said Benjamin L. Collier, upon his oath.*" This averment is inserted in both counts of the indictment, immediately preceding the statement of the matters alleged to have been falsely sworn to; and this is the only averment to be found in either count, in relation to the materiality of the evidence given by defendant to the matter pending and in question before the justice.

It is a well settled rule, that it must appear on the face of the indictment that the false allegation was material to the matter in question; for if it be of no importance, though false, it will not be perjury; for, as it does not concern the issue, it is extra-judicial in this respect.   2 Chitty's Crim. L. 305.   If it must be material, it must be averred to be so, or it must clearly appear to be so from the statements alleged to be false.

In stating the question which is averred to be material, it is proper to mention the circumstances, which must afterwards be connected with

the terms of the defendant's oath, in order to assign perjury upon that meaning. The usual form, when an express allegation of materiality is made, is, that it became a material question whether such a thing happened or existed. In this case it might have been, whether a certain bill of sale, executed by Boyce to Collier, was executed for such and such purposes; whether by it a certain horse was conveyed or sold to Collier; and whether he had said so and so about it. The materialty of the question must be raised by the issue, and must have existed ; t the time the inquiry is entered upon and before the witness gives his evidence. The supposition of the count is, that the evidence is false; therefore, if the defendant be guilty, his allegations had no foundation in fact; nor does it appear, even in suggestion, till he gave his evidence; and when he had given his evidence, it became material to ascertain the truth of what he had stated; but it is not stated that he gave any evidence after it became material. In the case of Regina *v.* Goodfellow, 1 Carrington & Marshman 569 (41 Eng. C. L. 310), the indictment contained the same averment. The court says, " As to the allegation of materiality, I am of the opinion that the allegation is clearly bad. It seems to me it is quite absurd to say, it became material to ascertain the truth of what the witness stated; the witness' statement itself must be given to ascertain the truth of something which has become material to the inquiry before the statement has been made."

It is then stated in the indictment, that the defendant " did depose and give in evidence to the effect following, that is to say, that he, the said Benjamin L. Collier, did not, in conversation with one Charles Boyce, tell him, the said Charles Boyce, that bill of sale [referring to a bill of sale executed by the said Allen Boyce to the said Benjamin L. Collier, then and there produced, and proved and read in evidence, before the said John Ganow, as such justice of the peace, on the hearing of the matter of the said complaint, and which, amongst other things, purported to convey from the said Allen Boyce to the said Benjamin L. Collier the goods and chattels alleged to have been stolen in the said complaint], was intended as a collateral security for the payment of the amount the said Allen Boyce was indebted to him," &c.

The subject matter of the bill of sale is introduced into the second count in the same way, and all the evidence of defendant is stated to have been in reference to it. There is no prefatory statement to which

it refers. The innuendo embraces all that is stated in the indictment in relation to Collier's interest in or title to the horse. All his evidence relates to the validity of the bill of sale, when executed, what he had afterwards said concerning it, and what was intended by it. This is the first time the bill of sale is mentioned in the indictment—nothing is previously said in relation to its materiality to the question to be determined by the justice. But for the innuendo, it would not apper that it related to a horse. Can the innuendo have the effect which is claimed for it? Mr. Chitty explains the office of an innuendo as follows: " It is a mode of explaining some matter clearly expressed; it serves to point out when there is precedent matter, but can never introduce a new charge; it may elucidate what is already averred, but cannot add to, or enlarge or alter its sense; and, therefore, if it be intended to explain any thing, the matter must first be put upon the record for it to explain. Thus the words, he has burned my barn, cannot, by innuendo, be taken to be a barn full of corn; but, if it had been stated before, by way of inducement, that the owner had a barn full of corn, and then the innuendo had referred to it as such, the meaning would have been complete." 2 Chitty's Crim. L. 310. So in this case, if the subject matter of the bill of sale had been set out in the prefatory part of the indictment, and it had been averred that it became material to ascertain, &c., and thus made it proper to refer to it, it might have been done by innuendo. We think the innuendo bad. There is nothing previously stated to which it can refer. We have seen it cannot add a new charge as in this case. Here the nature of the bill of sale, its substance, its effect and bearing upon the case before the court, is all contained in the innuendo. Without the explanation afforded by it, the evidence of Collier would be unintelligible; and therefore, as some use is made of the innuendo, which is imperfect, it cannot be rejected as surplusage. 2 Chitty's Crim. L. 310, 311; 1 Ld. Raym. 256.

It does not appear from the indictment, that the evidence was given by defendant on a cross-examination, and we cannot, in a case like this, infer that it was: as all the facts necessary to show its materiality must appear upon the face of the indictment.

The whole of the evidence given by the defendant relates to matters (so far as appears) collateral to the question before the court, which was

People *v.* Collier.

whether Boyce had stolen defendant's horse, and not in relation to a bill of sale, which does not appear to have any connection with or relate to a horse. The defendant is not charged with having testified in relation to a horse; his evidence is confined to a bill of sale, and what he has or has not said about it to different persons. And even if it was averred that the evidence was given upon a cross-examination—as it appears to relate to a collateral matter, it could not lay the foundation for an impeachment, and therefore it could not be material in this respect. 1 Stark. Ev. 164.

The attorney general refers to the Revised Statute of 1838, page 639, and, as I understand him, insists that it changes the rule in relation to the materiality of the testimony to the matter in question before a court; but the statute does not make that perjury which is not material to the issue. The statute says, if any person, of whom an oath shall be required by law, shall wilfully swear falsely in regard to any matter or thing, respecting which such oath is authorized or required, he shall be guilty of perjury. This statute embraces cases which before were not embraced by law, but it does not in any way change the rules regulating the mode in which indictments for perjury are to be framed.

The result of our examination of this case is, that the averment referred to is not well made; that the innuendo stated above is improper, and not in conformity to the rules of pleading in such cases; and that, in the absence of the averment and the innuendo, the materiality of the testimony of defendant, upon which perjury is assigned, is in no wise apparent from any other portion of the indictment; and, therefore, that the indictment is bad, and will not sustain a conviction, and judgment must be arrested. We do not deem it necessary to notice the other objections.

Let it be certified to the circuit court of the county of Jackson, in which said case is now pending, that the law of the case is with the defendant upon the point submitted and noticed by this court.

*Certified accordingly.*