Hoch, plaintiff in error, *vs.* The People, defendants in error.

In an indictment for perjury, it is not necessary to set forth so much of the pro-
ceedings as show that the evidence upon which the perjury is assigned, was
material. A general allegation of its materiality is sufficient.

It was objected to an indictment for perjury, that the matters set forth in the
instrument upon which the perjury was assigned, were not facts, but conclu-
sions of law only. The only terms in the instrument expressive of a conclu-
sion, were "feloniously steal;" but this being the assertion of a fact, to wit,
the intent with which the property was taken, *held,* that the objection was
properly overruled.

Error to Hillsdale Circuit.

The plaintiff in error was tried and convicted in the Hills-
dale Circuit of the crime of perjury. The indictment con-
tained three counts, and in each count, alleged the perjury
complained of to consist in the fact that the defendant below,
Hoch, made oath, before a Justice of the Peace, that one
Stillwell, at a given time, "did feloniously *steal, take, and
carry away a rifle, of the value of fifteen dollars, of the
property of him, the said Henry Hoch.*"

The indictment contained all the usual adjectives and ad-
verbs, time and place, averment of authority of the Justice
of the Peace, venue, &c.

In the first count, and preceding the averment of the
alleged perjury, it was recited as follows: "And upon the
hearing of said complaint, it became and was *material to
ascertain the truth of said complaint,* and of the matters
hereinafter alleged to have been sworn to and stated by the
said Henry Hoch, upon his oath;" it then proceeds to state
what he did swear to.

The second count stated that Hoch came before the Jus-
tice, produced a certain affidavit in writing, *for the purpose
aforesaid,* viz: for the purpose of subjecting Stillwell to the
penalties of persons guilty of larceny, and to cause his arrest;
*that it was material to ascertain the truth of said affidavit,*

" and of the matters hereinafter alleged to have been sworn to by said Hoch;"—and then proceeds to give the contents of the affidavit and of such matters.

The third count was substantially the same in this respect.

*W. T. Howell*, for plaintiff in error.

The averments in the indictment are not well made, and cannot support the indictment. (*People* vs. *Collier*, 1 *Man.* 137; 1 *Car. & Marsh*, 569; 41 *E. C. L.* 310.)

The affidavit upon which perjury is assigned, states no facts, but a legal conclusion, and was not such as to give the Justice authority to issue a warant. (*R. S.*, ch. 163, § 3; *Ib.*, ch. 94, § 2.)

*Wm. Hale, Attorney General*, for the people.

The averment of materiality is sufficient. It need not be expressly averred. It is sufficient if it evidently appears on the record. (2 *Chit. C. L.* 309, *and cases cited;* 2 *Stark. R.* 423, *and note;* 12 *Mass.* 279; *Campbell* vs. *People*, 8 *Wend.* 636.)

The false matter assigned as perjury is not a mere conclusion of law, but the statement of a fact. For a precedent of an assignment of perjury on such an affidavit, see State *vs.* Lea, 3 Ala. 602; see also 8 Blackf. 225.

By the Court, JOHNSON, J.

Two points are insisted upon by counsel for plaintiff as grounds of error, viz: first, that it does not appear from the record that the matter upon which perjury is assigned is material, and second, that the complaint or affidavit made by the defendant states no facts but a legal conclusion, and not such facts as gave the Justice authority to issue a warrant.

Other errors were assigned in this case, but the foregoing

were alone noticed in the argument, and we proceed to examine them in their order.

It is a rule nowhere controverted, that it should appear upon the face of the indictment that the evidence upon which the perjury is assigned was material to the question depending, but it is not necessary to set forth so much of the proceedings as to show it to be so. A general allegation of materiality is sufficient. (*King* vs. *Dowlin,* 5 *T. R.* 319; *King* vs. *Aylett,* 1 *T. R.* 64; *People* vs. *Phelps,* 5 *Wend.* 9; *People* vs. *Warner, Ib.* 271; *People* vs. *Collier,* 1 *Mich. R.* 137.)

Independent of the general averment of materiality contained in this indictment, we think the facts therein set forth show the evidence to have been material.

It is substantially charged in the first count of this indictment, that the said Henry Hoch wickedly and maliciously contriving and intending to injure one Samuel M. Stillwell, and to subject him to the punishment, pains and penalties provided for persons guilty of larceny, and to procure him to be arrested, produced before Charles M. Wisner, a Justice of the Peace, a complaint in writing subscribed by him, the said Henry Hoch, and upon the hearing of said complaint, it became and was material, to ascertain the truth of said *complaint,* and of the matter hereinafter alleged to have been sworn to and stated by said Henry Hoch upon his oath.

That the said Henry Hoch was then sworn upon his corporal oath before the said Justice concerning the truth of said complaint, and being so sworn, did falsely, corruptly, &c., depose and swear in substance and to the effect following, that is to say: "That Samuel M. Stillwell, on &c., at &c., did feloniously steal, take, and carry away one rifle, of the value of fifteen dollars, of the property of him, the said Henry Hoch, as by said complaint of him the said Henry Hoch, in writing, subscribed and sworn to before the said Charles M. Wisner, Justice of the Peace as aforesaid, more fully appears."

Thus it appears from the record that this was a judicial proceeding, wherein the Justice had authority to hear the complaint and administer the oath, and that the matter sworn to was material, and that consequently we are not driven to the necessity of an examination of the sufficiency of the general allegation of materiality to decide the question.

We think, however, upon a careful examination, it will be found that the general allegation is sufficient, for it will be observed that it is averred that " it became and was material to ascertain the truth of said complaint," and subsequently it is averred that this complaint was subscribed and sworn to, rendering it thereby certain what was sworn to, accompanied with an averment that the same was material.

It is in this respect that this case is distinguishable from the case of the People *vs.* Collier, before cited, and which was principally relied upon by the plaintiff's counsel. In that case it was simply averred that " it became material to ascertain the truth of the matters alleged to have been sworn to and stated by the said Benjamin S. Collier," without setting forth the *facts* which were alleged to have been sworn to, and which constituted the perjury as connected with that averment, and the Court held such averment insufficient; that a general averment that what one swears to is material, is not a good averment, but a general averment that certain facts which are set fet forth are material, is a good averment. And here it is averred that " *it became material to ascertain the truth of said complaint*," the substance of which was set forth; making it clear and certain what it is in this indictment which is alleged to be material.

Therefore, inasmuch as the materiality of the evidence appears from the proceedings in the case as well as from the general averment, which is sufficient in point of law, we must overrule the objections upon this point.

The remaining question requires but a moment's consideration. It is insisted that swearing to this complaint was

swearing to a conclusion of law, and not to a fact or a state of facts, upon which perjury could be assigned, and that it constituted no evidence which would authorize a Justice to issue a warrant, and that such kind of proof was unauthorized by law.

The value of the property charged in the complaint in question, to have been stolen, being below the sum of twenty-five dollars, the Justice had the authority to hear, try, and determine upon the guilt or innocence of the person charged, and render judgment accordingly; and this complaint, and the evidence offered, was a preliminary proceeding to the issuing of the warrant for the arrest of the person charged.

By the Revised Statutes of 1846, chapter 94, section 2, it is provided " that upon complaint being made to any Justice of the Peace by any constable, or other person, that any of the foregoing offences (which includes the one set forth in this complaint) have been committed within the county, he shall examine the complainant on oath, and witnesses produced by him, and shall reduce the complaint to writing, and cause the same to be subscribed by the complainant; and if it shall appear that such offence has been committed, the said Justice shall issue his warrant," &c.

Now it is insisted that here was no examination by the Justice in this preliminary inquiry of the details of the offence charged, as contemplated by the foregoing statute. As to that, we cannot say. All that is alleged in that respect is, that he swore to the truth of the facts set forth in the complaint, and that the Justice had the right so to swear him there can hardly be any doubt; that he would have been better satisfied of the truth of the charge by a careful examination in detail of all the circumstances connected with the offence, may or may not be true. That was a question for him to have determined, and not for the consideration of this Court; and that power may have been exercised by him. There is nothing upon this record showing that it was or was not.

The only question about which there could possibly be any difference of opinion, is as to the effect of this evidence. It was strongly urged by the counsel that the evidence was not sufficient to justify the issuing of the warrant; but that is no test. Had he the right to take it into consideration? If so, there is an end of the question. It is of no consequence that it was not of itself a sufficient justification, because the guilt of the plaintiff depended upon the conclusiveness of the evidence.

The authorities are clear that it is not important whether the false oath is credited or not, or whether the party against whom it is given is prejudiced thereby, for the prosecution is not grounded on the damage to the party, but on the abuse of public justice. (1 *Hawk. P. C. C.* 29, 59; 5 *Bac. Ab. Perjury,* (*A.*)—2 *Russ. on Crimes,* 1759.) Therefore, it is no answer to say that the facts sworn to by the plaintiff were not sufficient to justify the issuing of the warrant by the Justice; if there were any facts sworn to which were material and pertinent to the inquiry, having a tendency to implicate the person charged, and which the Justice had a right to take into consideration, that is sufficient to establish the guilt of the plaintiff.

But it is insisted that the matters set forth in this complaint, and which were sworn to by the plaintiff, are conclusions of law, and therefore the Justice could not consider them. If this were so, it might be entitled to much less weight than it otherwise would. The bare conclusion of a witness, without the facts upon which that conclusion is drawn, would not always be as safe for courts of justice to act upon, as when the facts are given; but that would depend very much upon the nature and character of the conclusion, and the information of the witness. The Justice would have the right to consider it, and the weight it would be entitled to could more properly be determined by him under the peculiar circumstances of the case, upon the basis before stated.

But what are the conclusions sworn to in this complaint? With the specification of time and place, he swore that "Samuel M. Stillwell did feloniously steal, take and carry away one rifle of the value of fifteen dollars, of the property of him, the said Henry Hoch." That the rifle belonged to him, that it was of the value of fifteen dollars, and that Stillwell took it and carried it away at a certain time from a certain place, are facts, and the main facts which constitute larceny. The only terms in this complaint which are expressive of a conclusion, are "feloniously steal," which are indeed very comprehensive in some connections, but when connected with the other facts in this complaint, are simply expressive of the intent with which the property was taken, which is but a fact after all, one which the very taking frequently implies, and one, too, which the complainant might well have proven, and the Justice well have considered.

And the jury have found in this case, that the plaintiff, in swearing that these facts were true, knowingly, wickedly and corruptly swore false, and he has no meritorious grounds of defence, and we think his technical question of law raised upon this record cannot avail him.

The judgment of the Court below must be affirmed.