## PEOPLE *v.* WILSON.

1. CRIMINAL LAW — MOTION TO SUPPRESS — WHERE TESTIMONY NOT IN RECORD COURT UNABLE TO SAY RULING THERON ERRONEOUS.

   The Supreme Court is unable to say that a motion to suppress evidence in a criminal case, based on the testimony of the people's witnesses at the preliminary examination, was erroneously denied, where the testimony referred to does not appear in the record,

2. SAME—CONTINUANCE—ABSENT WITNESS.

   In a prosecution for violating the prohibition law, there was no error in refusing to grant a continuance because of the absence of defendant's witness, where the testimony to be given by said witness, as stated in the affidavit, would have been immaterial on the issue before the jury.

3. SAME—TRIAL—INSTRUCTIONS.

   Where, in a prosecution for violating the prohibition law, there was no dispute as to the material facts, the mere fact that there were discrepancies in the testimony as to immaterial matters would not render erroneous the instruction of the trial judge that most of the evidence was undisputed.

4. SAME—EVIDENCE—JUDICIAL NOTICE.

   Where, in a prosecution for violating the prohibition law, the issue presented was whether defendant had driven a certain car containing intoxicating liquor into the yard of a certain home in Moscow township, where he was arrested, and there was undisputed testimony that he had been in Coldwater in the afternoon, and that he had been seen driving said car in Jonesville the same evening, before his arrest, the court may take judicial notice of the fact that Jonesville is almost in a direct line between Coldwater and the township of Moscow.

5. SAME—TRIAL—INSTRUCTIONS—DUTY OF JURY TO ACCEPT UNDISPUTED FACTS.

   The trial judge was not in error in instructing the jury

---

[1]Criminal Law, 17 C. J. § 3463; [2]Id., 16 C. J. § 831; [3]Id., 16 C. J. § 2332; [4]Id., 16 C. J. § 955; [5]Id., 16 C. J. § 2439.

that it was their duty to accept certain undisputed facts · as true, especially where in the same connection he also instructed them that while they had the power under the law to reject, this testimony, it would not be right for them to do so.

Exceptions before judgment from Hillsdale; Hawley (Royal A.), J., presiding.    Submitted January 12, 1928; resubmitted March 27, 1928.    (Docket No. 126.) Decided June 4, 1928.

Roland Wilson was convicted of violating the liquor law.    Affirmed.

*W. D. Grommon* (*Kenneth W. Huggett,* of counsel), for appellant.

*William W. Potter,* Attorney General, and *G. Forrest Lewis,* Prosecuting Attorney, for the people.

SHARPE, J.    On April 2, 1927, the sheriff of Hillsdale county, accompanied by several of his deputies, armed with a search warrant, visited the premises of one Victor Fish in the township of Moscow, in that county.    The defendant and his wife were there present, and, with others, were placed under arrest and taken to Hillsdale.    After the search was completed, a Buick automobile was discovered in the yard near the house.    The officers went to this car for the purpose of securing it against invasion by other than the owner, and discovered a considerable quantity of intoxicating liquor (69 bottles of whisky) stored therein. Defendant was charged with having this liquor illegally in his possession, and was convicted.    He seeks review on exceptions before sentence.

The assignments of error discussed by his counsel are thus stated:

"(1) Because of the court's refusal to suppress the evidence relative to the liquor seized.

"(2) Because the court refused to grant a continu-

ance because of the absence of respondent's witness, Henry Johnson.

"(3) Because of errors in his charge as pointed out in assignments of error 5, 6, 7, and 8."

1. The motion to suppress was made before the trial began. It was based—

"upon the files and records of said case, and particularly upon the testimony of the people's witnesses sworn upon the examination in behalf of the people in said case."

The testimony referred to does not appear in the record. We therefore cannot say that there was error in the denial of the motion.

2. The issue upon the trial was whether defendant had driven the Buick car to the place where it was found in Fish's yard. In his affidavit for a continuance, he stated that Henry Johnson, an electrician, formerly working in Monroe, was the owner of the Buick car in question, and that he expected to prove by Johnson—

"that it would have been physically impossible for deponent to have driven said car from Monroe to the premises of Victor Fish in the township of Moscow where said car was seized on April 2, 1927."

There was no testimony tending to show that defendant had driven the car from Monroe, nor did the prosecution so claim. It offered proof that defendant and his wife were at Coldwater, in an adjoining county, in the afternoon and evening of that day, and there secured a Cadillac car which had that day been released from seizure by the prosecuting attorney; that later the defendant was at a filling station at Jonesville, driving a Buick car with glass inclosure, similar to that in question, and was followed by his wife, driving the Cadillac car; that defendant paid for the gasoline for both cars. The question presented was whether defendant had the Buick car in his possession when it was driven into the yard at the Fish place.

It is clear that, had the facts stated in the affidavit been testified to by Johnson, they would have been immaterial on the issue before the jury. There was no error in the denial of the motion for continuance.

3. Charge of the Court. In his instructions to the jury the court said:

"The most of the evidence, I think, perhaps, I might say all of it, that has been adduced here, is undisputed. It is undisputed that in the afternoon of April 2, 1927, the respondent and his wife were in the city of Coldwater, they were in the presence of the sheriff at Coldwater at about 3 o'clock in the afternoon of that day, according to his testimony. They were there for the purpose of obtaining the possession of a Cadillac car which had been in the possession of the sheriff for some days, and he turned it over to them at about the hour that I have mentioned. The undisputed evidence further shows that at some time between 7:30 and 9:30 of that evening they appeared at an oil station in the village of Jonesville, in this county, the respondent himself appeared driving a Buick car, and asked that the car might be filled with gas at that oil station. After it was filled, the wife of respondent appeared with the Cadillac car, and that also was supplied with gas, the respondent paying for both supplies that were furnished. Those facts are undisputed."

The defendant called but one witness, Mrs. Sophia Davis, of Coldwater. She testified:

"I am acquainted with Mr. and Mrs. Wilson, and recall that they were present at my home on April 2d. I don't recall the date they came after their Cadillac car. The running board was off, and the fender. I am not positive but they arrived at my place just before supper, and stayed to supper with us.

"Q. And how long after supper did they stay?

"A. Why, I couldn't say for sure; I judge around 9 o'clock, maybe later, now, I wouldn't say for sure.

"Q. That would be your best judgment?

"A. Yes.

"Q. That it would be in the vicinity of 9 o'clock.

"A. Yes, sir. I did not see any other car in the vicinity except the Cadillac. When they left, they

both went away in the Cadillac.    Mrs. Wilson was driving.    They went east, which would be in the direction of Hillsdale.    They came to Coldwater after their car."

On cross-examination she stated that "it must have been around 9 or 9:30, some place there.   *   *   * That is slow time.    We didn't have fast time until a short time ago."

It is urged that this testimony was in conflict with that of the witness Simpson, who testified that he saw defendant and his wife at his filling station at Jonesville "between 8 and 9 o'clock," and that of the witness Graves, who also saw them at Jonesville that evening and fixed the time as "between 7:30 and 9:30." In our opinion, no material issue of fact was thus raised.    There is no dispute about the fact that defendant was at the Fish place about 10 o'clock.    He was arrested there and at once taken to Hillsdale. Neither is the testimony of the witnesses that he was at the filling station at Jonesville that evening in any way disputed.    The issue presented was whether defendant was in possession of the Buick car in which the liquor was found at the time it was driven into the yard at the Fish home.    We may take judicial notice that Jonesville is almost on a direct line between Coldwater and the township of Moscow in Hillsdale county, wherein the Fish home was located.    The particular hour at which defendant left Coldwater and passed through Jonesville was immaterial to the issue presented so long as it appeared without dispute that it was on the evening of April 2d and before defendant's arrest at the Fish home.

An analysis of a part of the liquor found in the car disclosed that it contained 49 per cent. by volume of alcohol.    There was no error in the instruction that the fact that defendant was at the Fish home that evening and the further fact that the liquor found in the car was intoxicating were undisputed, and that

it was their duty to accept such facts as true.    He, however, in the same connection instructed them that while they had the power under the law to reject this testimony it would not be right for them to do so. See *People* v. *Heikkala*, 226 Mich. 332.

We have carefully read the other parts of the charge complained of and find no reversible error therein.    It is apparent that defendant had a fair and impartial trial.

The exceptions are overruled.    The trial court will proceed to sentence.

FEAD, C. J., and NORTH, CLARK, and McDONALD, JJ., concurred.    FELLOWS and WIEST, JJ., concurred in the result.    POTTER, J., did not sit.