PEOPLE v. STAMBAUGH.

PEOPLE v. ELLIOTT.

PEOPLE v. LANSBERG.

CRIMINAL LAW—GRAND-JURY TESTIMONY—REFRESHING RECOLLEC-
TION—IMPEACHMENT—ONE-MAN GRAND JURY—STENOGRAPHER—
EVIDENCE.

It was not reversible error for trial court in a prosecution for
conspiracy to obstruct justice to permit the prosecution to use
a transcript of testimony taken before a grand jury which led
to the trial of defendants for the purpose of refreshing the
recollection of witnesses or for impeachment purposes and
then to deny defendants the right of access to and use of the
transcript of the remaining portions of the testimony of such
witnesses given in the grand-jury proceeding, since the de-
fendants might have called either the judge or stenographer
who participated in the one-man grand jury to testify whether
or not the witnesses' testimony before the grand jury was
different from that given by them at the trial, especially
where testimony in the case is overwhelmingly conclusive of
the guilt of the respective appellants, although the request by
appellants' counsel for the use of such testimony might well
have been granted (3 Comp. Laws 1929, §§ 17218, 17233).

Appeal from Wayne; Pugsley (Earl C.), J., pre-
siding. Submitted June 11, 1942. (Docket Nos.
55-57, Calendar Nos. 41,726-41,728.) Decided No-
vember 24, 1942. Rehearings denied December 22,
1942. Certiorari denied by Supreme Court of the
United States April 5, 1943.

Clyde Stambaugh, Lewis Elliott, and Ben Lans-
berg were convicted of conspiracy to obstruct justice.
Affirmed.

*George S. Fitzgerald* and *Frank G. Schemanske,* for appellants.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Thomas A. Kenney,* Assistant Attorney General, and *Chester P. O'Hara,* Special Prosecuting Attorney, for the people.

NORTH, J.   These three defendants were tried by jury together with other defendants, including Thomas C. Wilcox, Duncan C. McCrea, and Angelo Scaduto, and convicted of being parties to a conspiracy to obstruct justice. Stambaugh, Elliott, and Lansberg were convicted and sentenced. Leave having been granted, they have appealed.

All of the numerous defendants who have appealed are before this court on one record, and these three defendants have submitted their appeals by the same counsel and on the same briefs as were filed in behalf of Wilcox and several other defendants. Extended opinions in the separate appeals of McCrea, Wilcox, and Scaduto have been filed.* No question materially affecting decision has been raised by either Stambaugh, Elliott, or Lansberg which has not been considered and disposed of adversely to appellants in the above-noted opinions. And, further, the factual aspect of the prosecution insofar as essential to the present appeals of these three defendants appear in the opinions already filed, except it may be here noted that Stambaugh, Elliott, and Lansberg operated places where gambling was permitted and for a certain period Elliott collected protection money for both prosecuting attorney McCrea and sheriff Wilcox.

---

* See *People* v. *McCrea, ante,* 213; *People* v. *Wilcox, ante,* 287; *People* v. *Scaduto, post,* 307.—REPORTER.

The most serious ground of complaint urged by these appellants is that in view of the use the special prosecutor was permitted by the trial court to make of testimony given by certain witnesses in the grand-jury proceeding which led to the trial of these defendants, it was error to deny to defendants' counsel access to and use of the transcript of the remaining portions of the testimony of such witnesses given in the grand-jury proceeding. Appellants' counsel assert such access was essential to enable them to complete a full and fair examination of the witnesses who were examined by the special prosecutor with reference to their grand-jury testimony.

I think the request of appellants' counsel might well have been granted, but in the instant case the trial court's ruling should not be held to constitute reversible error for the reason, as noted in the opinion of Mr. Justice STARR in McCrea's appeal, another method to accomplish the desired result was available to appellants' counsel; but more particularly the convictions should be affirmed for the reason that in the instant prosecution the testimony is so overwhelmingly conclusive of the guilt of the respective appellants that reversal on the ground under consideration would be a travesty upon justice; and further, except we were to indulge in mere speculation, we could not say from the record before us that the ruling of the trial judge was prejudicial to appellants.

Conviction and judgment of each of these appellants are affirmed.

CHANDLER, C. J., and STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. BOYLES and WIEST, JJ., did not sit.