PEOPLE *v.* JESSIE LEE JOHNSON.

OPINION OF THE COURT.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—RIGHT OF CROSS-EXAMINATION.

  Preliminary examination of one charged with crime is an adversary proceeding, and the accused has the right to cross-examine witnesses (CL 1948, § 766.12).

2. EVIDENCE—RULES—CRIMINAL LAW.

  The rules of evidence in civil actions, insofar as they are applicable, govern in all criminal and quasi-criminal proceedings except as otherwise provided by law (CL 1948, § 768.22).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—ADVERSE WITNESSES—CROSS-EXAMINATION.

  An accused has the right to call a police officer and cross-examine him as if he had been called by the prosecution at the preliminary examination (CL 1948, § 766.12).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  21 Am Jur 2d, Criminal Law § 337.
[2]  29 Am Jur 2d, Evidence § 5.
[5, 6]  21 Am Jur 2d, Criminal Law § 339; 29 Am Jur 2d, Evidence §§ 844, 845.
[7]  21 Am Jur 2d, Criminal Law § 449.
[8, 9]  58 Am Jur, Witnesses § 611 *et seq.*

4. SAME—ADVERSE AGENT RULE—PRELIMINARY EXAMINATION—CROSS-EXAMINATION.

The adverse agent rule is applicable in a preliminary examination, but the right of cross-examination can be no more extensive than in any other civil or criminal proceeding and it cannot be converted into a right of discovery (CL 1948, § 766.12).

5. SAME—PRELIMINARY EXAMINATION—WITNESSES—NOTES OR REPORTS—INSPECTION.

Accused has the right, at preliminary examination, to inspect notes or reports of adverse witnesses and use them to illuminate previous testimony related to an issue framed by his questions on cross-examination, or to impeach the witness, but not to frame questions for cross-examination in the first instance (CL 1948, § 766.12).

6. SAME — PRELIMINARY EXAMINATION — CROSS-EXAMINATION — DISCOVERY.

The examining magistrate is under no obligation to permit discovery of an officer's notes or reports under guise of cross-examination (CL 1948, § 766.12).

CONCURRING OPINION.
HOLBROOK, J.

7. CRIMINAL LAW—PRELIMINARY EXAMINATION—WITNESSES.

*A prosecuting attorney need not call all of the people's witnesses in order to satisfy the requirements of a preliminary examination.*

8. SAME—POLICEMAN AS DEFENDANT'S WITNESS—CROSS-EXAMINATION.

*A defendant who calls a police officer as a witness at the preliminary examination makes the officer defendant's witness and the defendant cannot cross-examine.*

9. SAME—POLICEMAN—CROSS-EXAMINATION—INSPECTION OF NOTES.

*Defendant who called police officer as his witness at preliminary examination did not have the right to cross-examine the officer, and therefore had no right to inspect the officer's notes or reports.*

Appeal from Muskegon; Piercey (John H.), J. Submitted Division 3 April 5, 1967, at Grand Rapids.

(Docket No. 1,729.)   Decided November 29, 1967. Leave to appeal denied March 6, 1968.  See 380 Mich 760.

Jessie Lee Johnson, also known as Jessie Lee Millwood, was convicted of second-degree murder. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul M. Ladas,* Prosecuting Attorney, for the people.

*Marcus, McCroskey, Libner, Reamon & Dilley,* for defendant.

BURNS, P. J.   A jury found defendant guilty of second-degree murder.[1]   On appeal he claims that error was committed in the preliminary examination proceedings and that therefore the conviction should be set aside and the case remanded to the municipal court where the preliminary examination occurred. No assignments of error are raised in relation to defendant's jury trial.   The facts as they relate to the alleged error are as follows.

 The eighth witness called by the prosecution at the preliminary examination was Solomon Goliday. He testified that he had witnessed a confrontation between the accused and Charles L. Henry shortly before the latter was killed.   Upon cross-examination Goliday stated that he had talked to a police officer regarding the incident.   Based upon the well-grounded belief that said officer was John Jurkas of the city of Muskegon police department, counsel for the defendant demanded that he be permitted to examine Jurkas in order to compare Goliday's tes-

---

[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

timony with Jurkas' account. The prosecutor advised counsel that he (the prosecutor) did not want to call Officer Jurkas. Defendant's attorney stated that he intended to wait until it was his turn to call witnesses but that in order to expedite matters he would examine the officer out of order, that is, before the prosecutor had completed his proofs.

Upon examination Jurkas indicated that he had interrogated the defendant and 3 other witnesses to the alleged crime and that he had prepared notes or reports which he delivered to the prosecuting attorney. Thereupon counsel for the defendant asked the prosecutor for permission to inspect those documents. The prosecutor refused the request on the ground that, by previous agreement,[2] defendant was to be given access only to statements for the purpose of cross-examination, and that since the officer was called by the defendant, he could not subject his own witness to cross-examination. Counsel for the defendant contended, and contends on appeal, that Officer Jurkas was an agent of an adverse party and therefore could be cross-examined. See GCR 1963, 507.4 and CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161). The examining magistrate upheld the position of the prosecutor.

Defendant was bound over to circuit court on the charge of first-degree murder.[3] In circuit court defendant moved to remand to municipal court for

---

[2] Earlier in the preliminary examination a similar problem arose when defense counsel was cross-examining another police officer who had also prepared notes and reports. At that time the examining magistrate ruled that said documents could be examined by the defendant. The prosecutor requested and was given permission to seek review of that holding. The circuit court heard the prosecutor's "complaint seeking superintending control over Muskegon municipal court" and the defendant's motion to dismiss, but before a decision was rendered, the prosecutor withdrew his objections and agreed to allow defense counsel to review the officer's notes and reports.

[3] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

the purpose of continuing defendant's cross-examination of Jurkas and to order the production of the requested statements, reports, or notes; the circuit court denied this motion and ordered trial to commence on November 23, 1965.

On appeal defendant argues that "Jessie Johnson was denied due process of law[4] and substantial justice when his counsel was denied effective cross-examination." Defendant's position that he was entitled to call and cross-examine Officer Jurkas is well taken. The difficulty encountered in deciding whether to apply the adverse agent rule of evidence involves the very nature of the preliminary examination itself. The right of the accused to produce witnesses and to cross-examine witnesses is guaranteed by CL 1948, § 766.12 (Stat Ann 1954 Rev § 28.930), and in this respect the preliminary examination is an adversary proceeding. CL 1948, § 768.22 (Stat Ann 1954 Rev § 28.1045) provides:

"The rules of evidence in civil actions, in so far as the same are applicable, shall govern in *all* criminal and quasi criminal proceedings except as otherwise provided by law." (Emphasis supplied.)

Since we have not found any compelling reasons why the adverse agent rule is not applicable in a preliminay examination, we hold that defendant's counsel had the right to call and cross-examine Officer Jurkas the same as if he had been called by the prosecution. See *People* v. *Saccoia* (1934), 268 Mich 132, 142, where, in a criminal proceeding, the adverse agent rule was recognized a fortiori but unsuccessfully invoked because the judge held that the witness was not in fact an adverse agent.

This right of cross-examination, however, can be no more extensive than in any other civil or criminal

---

[4] US Const, Am 14; Const 1963, art 1, § 17.

proceeding and cannot be converted into a right of discovery as was attempted in this case.

Defendant directs our attention to *People* v. *Dellabonda* (1933), 265 Mich 486, wherein on pages 499 and 500 the Court said:

"One of the elementary principles of cross-examination is that the party having the right to cross-examine has a right to draw out from the witness and lay before the jury [or examining magistrate] anything tending or which may tend to contradict, weaken, modify, or explain the testimony of the witness on direct examination or which tends or may tend to elucidate the testimony or affect the credibility of the witness.

"Here the witness had made a prior report to a superior officer relating to the occurrences involved on the night of the shooting. Defendants had a right on cross-examination to call out the fact that such statement had been made, to lay the same before the jury, for the purpose of modifying, explaining or contradicting the testimony of the witness."

If defense counsel in our case would have evinced some intention to inspect the reports or notes for possible impeachment or at least elucidation purposes, his "cross-examination" would have been extricated from the fishing expedition quagmire.

It is apparent that defendant's counsel intended to frame questions for cross-examination from the notes or reports; he did not attempt to conduct proper cross-examination by *first* framing an issue or eliciting some fact and then using the reports or notes to illuminate previous testimony related to that issue or fact.

The examining magistrate was under no obligation to permit the discovery of Officer Jurkas' notes

:or reports under the guise of cross-examination. Defendant was not denied due process of law.

. · Affirmed.

R. M. RYAN, J., concurred with BURNS, P. J.

HOLBROOK, J. (*concurring*). The result called for by the decision of my Brother Judges appears to effect a proper result. Believing that it would be helpful to explain my interpretation of the law applicable, this concurring opinion is written.

It can be said without possibility of contradiction that a prosecuting attorney need not call all of the people's witnesses in order to satisfy the requirements of a preliminary examination. The people in this case chose not to call Officer Jurkas. The defendant called the witness Jurkas and proceeded to question him concerning statements which he had taken from defendant and other witnesses. Defendant's counsel, apparently in an endeavor to impeach the witness, requested that the statements be supplied by the prosecution. The prosecuting attorney refused the request on the ground that by previous agreement defendant was to be given access only to statements for the purpose of cross-examination, *and that since the officer was called by the defendant, he could not subject his own witness to cross-examination.*

Now it is true that CL 1948, § 768.22 (Stat Ann 1954 Rev § 28.1045) provides:

"The rules of evidence in civil actions, in so far as the same are applicable, shall govern in all criminal and quasi criminal proceedings except as otherwise provided by law."

In civil actions a party may call an agent of the opposite party for the purpose of cross-examina-

tion;[1] however, we are governed in the case at hand by the specific statutory provisions for the conduct of preliminary examinations. CL 1948, § 766.12 (Stat Ann 1954 Rev § 28.930) reads as follows:

"After the testimony in support of the prosecution has been given, *the witnesses for the prisoner, if he have any, shall be sworn, examined and cross-examined* and he may be assisted by counsel in such examination and in the cross-examination of the witnesses in support of the prosecution." (Emphasis supplied.)

Witness Jurkas having been called by the defendant as provided in the statute was the defendant's witness and he could not subject his own witness to cross-examination.

Affirmed.

---

[1] *Giacobazzi* v. *Fetzer* (1967), 6 Mich App 308.