# PEOPLE *v.* BELLANCA

1. CRIMINAL LAW—DUE PROCESS—ONE-MAN GRAND JURY—TESTIMONY.

A defendant has an absolute right to the entire transcript and record of his own testimony before a one-man grand jury, and it shall be made available to him for use in judicial proceedings upon filing a petition with the circuit court for the county in which he resides (MCLA § 767.6a).

2. CRIMINAL LAW—JUDICIAL PROCEEDINGS—PRELIMINARY EXAMINATION—TESTIMONY—RECORD.

A preliminary examination is a judicial proceeding within the meaning of the statute giving a defendant the right to have the entire transcript and record of his testimony before a one-man grand jury for use in judicial proceedings.

3. CRIMINAL LAW—ONE-MAN GRAND JURY—TESTIMONY—RECORD.

A witness who has testified before a one-man grand jury may obtain a copy of the transcript of only his own testimony for use in judicial proceedings and does not have a statutory right to have a transcript of the testimony of any witness other than himself (MCLA § 767.6a).

4. CRIMINAL LAW—ONE-MAN GRAND JURY—TESTIMONY—TRANSCRIPT—OTHER WITNESSES.

The production of transcripts of one-man grand jury witnesses other than a defendant for the defendant's use in judicial proceedings can only be obtained upon application to and order of the Michigan Supreme Court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law § 331.
38 Am Jur 2d, Grand Jury §§ 39-41.
Accused's right to inspection of minutes of state grand jury. 20 ALR3d 7.
[2] 21 Am Jur 2d, Criminal Law § 443.

(1)

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 1 May 12, 1969, at Detroit. (Docket No. 4,803.) Decided October 30, 1969. Leave to appeal granted June 26, 1970. See 383 Mich 798.

Peter J. Bellanca is charged with having committed perjury before a one-man grand jury. Defendant's motion for an order requiring the production of transcripts of the grand jury testimony denied. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Goussy,* Assistant Attorney General, for the people.

*Louis J. Colombo, Jr.,* for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

LEVIN, J. The defendant, Peter J. Bellanca, an attorney at law, is charged with having committed perjury[1] when he testified before Circuit Judge James S. Thorburn, then sitting as a one-man grand juror,[2] that Ann Decker communicated with him because she wanted him to represent her as a lawyer, and that he did not solicit her.

Ann Decker appeared before the Thorburn one-man grand jury on July 18, 1967 and, at that time, she was represented by Mr. Bellanca. She again appeared before the grand jury on August 4, 1967, this time without counsel. The testimony alleged to be false was given by Mr. Bellanca before the grand jury on August 10, 1967.

---

[1] MCLA § 750.422 (Stat Ann 1954 Rev § 28.664).
[2] MCLA § 767.3, *et seq.* (Stat Ann 1969 Cum Supp § 28.943, *et. seq.*).

Before the preliminary examination, Mr. Bellanca moved for an order requiring the production of transcripts of his August 10, 1967 testimony and of Ann Decker's July 18 and August 4 testimony. The motion was heard by another Oakland county circuit judge who denied the motion stating: "I think you are entitled to such discovery as you may need, but I believe that that comes after preliminary examination." Mr. Bellanca now appeals, on leave granted, the order denying his motion.

A partial transcript of Ann Decker's testimony of August 4, 1967 was served on Mr. Bellanca's counsel the day after his motion was filed. The transcript contains the testimony of the witness beginning on page 33 and ending on page 41.[3]

Mr. Bellanca asserts that he needs the requested transcripts to prepare properly his defense at the preliminary examination, that he is entitled to his "chance to win" at the preliminary examination,[4] and that unless these materials are furnished before the preliminary examination that opportunity to avoid the filing of an information and being bound over for trial will be seriously jeopardized.

In 1951 the governing statute was amended in the following relevant particulars:

---

[3] The transcript furnished opens with the following statement:

"*The Court:* Do you know that when Mr. Peter Bellanca, after you testified here the other day—first, how did you acquire him as your lawyer?

"*A:* I didn't acquire him, he acquired me.

"*The Court:* Well, now, tell us about that conversation. You were served with a subpoena, weren't you?"

and then follows questions put by the one-man grand juror and answers by the witness stating her version of what occurred. The transcript concludes with the statement:

"*(The witness was thereupon excused.)*"

[4] See MCLA §§ 766.12, 766.13 (Stat Ann 1954 Rev §§ 28.930, 28.931). But see, also, *People* v. *Jessie Lee Johnson* (1967), 8 Mich App 462; *People* v. *Hernandez* (1968), 15 Mich App 141; contrast *People* v. *Townsend* (1921), 214 Mich 267, 271, 272; *People* v. *Maki* (1929), 245 Mich 455, 459; *People* v. *Maranian* (1960), 359 Mich 361, 369.

1. The provision, § 4,[5] prohibiting the judge and others connected with the inquiry from publishing any statement pertaining to any information or evidence involved in the inquiry was qualified by excepting from this secrecy provision "cases of prosecutions for contempt or perjury against witnesses who may have been summoned before the judge conducting such inquiry, or for the purpose of determining whether the testimony of a witness examined before the judge is consistent with or different from the testimony given by such witness before a court in any subsequent proceeding, or in cases of disciplinary action against attorneys and counselors in this state".

2. A new provision, § 6a,[6] was added concerning the safekeeping of grand jury records after the termination of the inquiry. Where the grand jury lasts more than 30 calendar days the records are required to be "sealed and filed with the clerk of the supreme court of the state of Michigan, where it shall be held secretly in a separate container securely locked. * * * And the entire transcript and record as to any witness, and so far as material, including any grant of immunity, shall be available to such witness in connection with any appeal or other judicial proceeding where it may be relevant upon such witness filing a petition with the circuit court of the county in which he resides setting forth the proceeding for which such documents are sought and describing the portions of such transcript and record as to such witness only, which such witness requested for such appeal or proceeding; the judge of such circuit court shall issue an order upon the filing of such petition directed to the clerk of the supreme court of the state of Michigan * * *

---

5 MCLA § 767.4. (Stat Ann 1969 Cum Supp § 28.944).
6 MCLA § 767.6a (Stat Ann 1954 Rev § 28.946[1]).

ordering such clerk to make available to such witness all such portions of the transcript and record as shall pertain to such witness and as set forth in the petition."

Mr. Bellanca asserts that by reason of these amendments there has been eliminated any doubt that may have formerly existed[7] as to the right of one charged with an offense by a grand juror to a transcript of his own testimony and of the testimony of other grand jury witnesses. He points out that the prosecution against him is for perjury and argues that whatever policy may have existed at common law or under this statute before its amendment shielding from public scrutiny testimony given before a grand jury has been superseded by a policy which now requires that all pertinent testimony be made available to one charged with perjury as a result of an inquiry under this statute.

Mr. Bellanca states that this policy appears not only in § 4 (which now excepts from its secrecy provision cases of prosecution for perjury), but in § 6a; he stresses the following italicized § 6a words: "the entire transcript and record as to *any witness,*" and "all such portions of the transcript and record *as shall pertain* to such witness," claiming that the legislature thereby evidenced its intention that upon application the circuit court is required to enter an order directing the clerk of the Supreme Court of the State of Michigan to furnish a complete transcript of the testimony of "any witness," not merely a transcript of the testimony of the witness filing the § 6a petition. He also contends that, apart from the cited statutory provision, under recent decisions of the United States Supreme Court[8] and of our

---

[7] See *People* v. *McCrea* (1942), 303 Mich 213, 244–246; *People* v. *Stambaugh* (1942), 303 Mich 300; *People* v. *Pickett* (1954), 339 Mich 294, 311, 312.

[8] *Dennis* v. *United States* (1966), 384 US 855 (86 S Ct 1840, 16 L Ed 2d 973); *Jencks* v. *United States* (1957), 353 US 657 (77 S

Supreme Court,[9] the circuit judge in this case should have ordered production of the requested transcripts.

We have examined the cases cited and are satisfied that they are not in point.[10] We appreciate that there has been increasing discussion in the literature and recognition in the cases of the desirability of pretrial disclosure by the prosecution to a defendant of statements of witnesses and other evidence the prosecutor intends to use at the time of trial. The standards relating to discovery and procedure before trial proposed by the American Bar Association Project on Minimum Standards for Criminal Justice would require a prosecutor to disclose those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecutor intends to call as witnesses at the hearing or trial.[11]

---

Ct 1007, 1 L Ed 2d 1103); *Brady* v. *Maryland* (1963), 373 US 83 (83 S Ct 1194, 10 L Ed 2d 215).

[9] *People* v. *Johnson* (1959), 356 Mich 619.

[10] In *Dennis,* in requiring the production of grand jury testimony, the United States Supreme Court was interpreting Rule 6e of the Federal Rules of Criminal Procedure concerning secrecy of grand jury proceedings and disclosures. In *Pittsburg Plate Glass Co.* v. *United States* (1959), 360 US 395 (79 S Ct 1237, 3 L Ed 2d 1323), the United States Supreme Court declared that neither the language of the *Jencks* Court nor the so-called Jencks act (18 USCA, § 3500), encompassed grand jury minutes, but recognized (anticipating *Dennis*) that in a proper case their production could be ordered. In these decisions the United States Supreme Court enunciated principles applicable only to proceedings in Federal courts, and did not elucidate constitutional principles binding on the states and applicable to state court criminal prosecutions.

In *Brady* the Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment; the case cannot properly be read as creating a right of total pretrial discovery as a matter of constitutional right.

In *People* v. *Johnson* (1959), 356 Mich 619, the Michigan Supreme Court held merely that a trial judge enjoys discretion to order production of a copy of a defendant's written confession.

[11] Standard 2.1(a) (iii) (May 1969, Tentative Draft); see accompanying commentary for a review of the case law and scholarly comment concerning the pretrial production of grand jury minutes. Additionally, see Inspection of Grand Jury Minutes by Criminal

Our disposition of this case makes it unnecessary for us to decide to what extent the developing concepts regarding pretrial discovery in criminal cases are part of the jurisprudence of our state. Nor do we think it necessary to consider the scope of the inquiry upon a preliminary examination.[12]

We are satisfied that § 6a gives the defendant an absolute right to have a copy of his own grand jury testimony. Section 6a is explicit in providing that the entire transcript and record of the witness himself shall be made available to him for use in judicial proceedings upon filing a petition with the circuit court for the county in which he resides. A preliminary examination is a judicial proceeding.[13]  There is nothing in the statute which permits a construction limiting the right there conferred so that it may not be exercised before the preliminary examination is conducted, which would permit a circuit judge to defer entry of a § 6a order until after the preliminary examination is conducted. The statute is in mandatory form. It states that the "judge of such circuit court *shall* issue an order upon the filing of such petition directed to the clerk of the supreme court  *  *  *  ordering such clerk to make available to such witness all such portions of the transcript and record as shall pertain to such witness and as set forth in the petition." (Emphasis supplied.)

We cannot, however, read § 6a as conferring upon a witness a statutory right to have a transcript of the testimony of any witness other than himself.

Defendants, Wash U L Q 382 (1961); Note, 46 Va L Rev 1002 (1960); *Allen* v. *United States* (1968), 129 App DC 61 (390 F2d 476); and recently amended Rule 16 of the Fed Rules Crim Proc and accompanying advisory committee notes.

See, also, discussion in *People* v. *Johnson* (1959), 356 Mich 619; *People* v. *Townsend, supra,* fn. 4; and *People* v. *Maranian, supra,* fn. 4, pp 368, 369.

[12] See footnote 4.

[13] *Cf. People* v. *Jessie Lee Johnson* (1967), 8 Mich App 462.

The words "such witness" and "such witness only" in § 6a clearly refer to the witness making the application to the circuit judge. Whatever an accused person's rights may be, apart from § 6a, to copies of the testimony of witnesses who may appear against him, under § 6a a witness may only obtain a copy of the transcript of his own testimony.

This leaves the question whether, apart from § 6a, we should order production of the transcripts of Ann Decker's testimony. It will be recalled that a portion of her August 4 testimony was furnished. It may well be that the balance of her August 4 testimony and her July 18 testimony should be furnished to aid Mr. Bellanca in making his defense. On the other hand, an examination of the unfurnished portion of the August 4 transcript may disclose that it does not concern at all the subject matter of the charges filed against Mr. Bellanca; the balance may be totally irrelevant and may contain the names of other persons whose identity should be protected as is the clear and sound policy of § 4. Neither the unfurnished portion of the August 4 transcript nor the July 18 transcript is available to us. They are in the possession of the clerk of the Supreme Court. Neither the circuit judge nor we are in a position to determine whether furnishing complete transcripts of Ann Decker's testimony is consistent with the policy of the act or necessary or desirable from the point of view of assisting Mr. Bellanca in making a defense.[14]

---

[14] We recognize that a defendant may have the right to have his counsel examine the transcripts to make his own evaluation of their relevancy and materiality—that he should not be entirely dependent upon a judge's determination. Nevertheless, a judge must pass upon a claim that production is reasonably necessary. He is not obliged to accept the advocate's claims on faith and the only manner in which a judge can appraise the claim is to read the transcript, which, we repeat, neither the trial judge nor we are physically in a position to do. Cf. *Dennis* v. *United States, supra,* pp 874, 875; *Jencks* v. *United States, supra,* p 669.

Furthermore, we think it would be inappropriate for our Court to issue an order directed to the clerk of the Supreme Court unless we are specifically authorized to do so in a court rule or a statute like § 6a conferring such authority upon circuit courts as to a witness' own testimony. We doubt very much whether the clerk of the Supreme Court would follow an order of our Court without express authorization from his Court. We also note that in the last few years the Supreme Court has entertained a number of petitions from the attorney general requesting the production of grand jury records, some of which have been granted and others denied. The fact that the Supreme Court has considered these petitions and decided them on the merits and has not referred them to a trial court supports our conclusion that the Supreme Court regards it to be its function, not that of the lower courts, to decide whether and on what terms these secret records entrusted to its possession are to be made available for use in other judicial proceedings.

We have, therefore, concluded that the production of transcripts of Ann Decker's testimony can only be obtained upon application to and order of the Supreme Court.

These proceedings are remanded to the trial court for the entry of an order pursuant to § 6a addressed to the clerk of the Supreme Court directing him to furnish Mr. Bellanca with a copy of his own grand jury testimony; otherwise the order of the trial court denying his motion is affirmed. The provision of our order of December 19, 1967, staying all proceedings, including preliminary examination on the warrant, are continued until 20 days after the date this opinion is filed and, if within such 20-day period an application for leave to appeal from our order or a petition for the production of Ann Decker's

testimony shall be filed with the Supreme Court, until the application or petition shall be acted upon by the Supreme Court and the further order of that Court.

All concurred.