# PEOPLE v. CASH

1. PERJURY—INFORMATIONS—SUFFICIENCY—MATERIALITY—STATUTES.
   An information charging perjury which fully conformed to the requirements of the two Michigan statutes dealing with perjury indictments was sufficient even though it did not contain any reference to the materiality of the alleged falsehoods because those statutes do not require an averment of materiality (MCLA §§ 767.44, 767.73).

2. PERJURY — PRELIMINARY EXAMINATION — TRANSCRIPT — FALSE SWEARING — PROOF.
   Loss of the part of the preliminary examination transcript showing that defendant's testimony was given under oath, in a prosecution for perjury, does not require a reversal of conviction where there is no showing that there was any failure of proof that the defendant's testimony, which was alleged to have been false, was given under oath and where defendant did not object at any time in the trial court and did not assert on appeal that evidence of a swearing was not adduced.

3. CRIMINAL LAW—ONE-MAN GRAND JURY—TESTIMONY—RELEVANCY —DISCOVERY.
   A trial judge may properly refuse to permit defendant's discovery of one-man grand jury testimony which is not relevant to a prosecution for perjury before the grand jury when the judge is able to read a transcript of the testimony in question and to assess its relevancy in passing upon defendant's request for production.

4. EVIDENCE—TAPE RECORDING—INAUDIBLE RECORDING—ADMISSIBILITY—DISCRETION.
   Trial court did not abuse its discretion in permitting a tape recording of defendant's conversations with another person to be

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Perjury § 33 et seq.
[2] 41 Am Jur, Perjury § 15 et seq.
[3] 23 Am Jur 2d, Depositions and Discovery §§ 309, 311.
[4] 29 Am Jur 2d, Evidence § 436.

received into evidence where the tape was completely audible in all relevant parts including the portion where the prejudicial statements were made and where a proper foundation was laid; since a human witness may testify to so much of a conversation as he heard, a recording will not be excluded because parts of the recording are inaudible.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 December 2, 1969, at Detroit. (Docket No. 5,243.)   Decided November 27, 1970. Leave to appeal granted April 8, 1971.   384 Mich 824.

Lonnie C. Cash was convicted of perjury.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*J. Leonard Hyman* and *Hanley M. Gurwin,* for defendant.

Before: R. B. Burns, P. J., and Holbrook and V. J. Brennan, JJ.

V. J. Brennan, J.   Defendant was convicted by a jury in Oakland County Circuit Court on three counts of perjury.   MCLA § 750.422 (Stat Ann 1954 Rev § 28.664).   The testimony alleged to be false was given before one-man grand juror Judge Philip Pratt in 1966.   Only four of defendant's numerous assignments of error merit discussion.

Defendant contends that the original and amended informations charging him with perjury are fatally defective in that neither contain any reference whatsoever to the materiality of the alleged falsehoods. Defendant claims that there must be some averment of materiality or, at the very least, the materiality

must appear from statements said to be false. *People* v. *Collier* (1848), 1 Mich 137; *Flint* v. *People* (1877), 35 Mich 491; *Hoch* v. *People* (1855), 3 Mich 552; *People* v. *Vogt* (1909), 156 Mich 594.

Neither of the two Michigan statutes dealing with perjury indictments require an averment of materiality. MCLA § 767.73 (Stat Ann 1954 Rev § 28.1013) provides:

"An indictment for perjury or for subornation of, solicitation, or conspiracy to commit perjury, is sufficient which indicates the offense for which the accused is prosecuted, the nature of the controversy in respect of which the offense was committed and before what court or officer the oath was taken or was to have been taken, without setting forth any part of the records or proceedings with which the oath was connected, and without stating the commission or authority of the court or other authority before whom the perjury was committed or was to have been committed or the form of the oath or affirmation or the manner of administering the same."

MCLA § 767.44 (Stat Ann 1954 Rev § 28.984) authorizes a "short form" indictment:

"Perjury—A.B. appeared as a witness in a case between C.D. and E.F. being heard before the (set forth the tribunal) and committed perjury by testifying as follows: (set forth the testimony)."

Both the original and amended informations in the instant case fully complied with the statutory "short form" indictment. The Michigan Supreme Court apparently abandoned the materiality requirement of *Collier* with respect to the statutory indictment forms in *People* v. *Kaplan* (1931), 256 Mich 36. In that case, an information charging perjury was amended to allege, for the first time, that the falsehood was a material one. The Court, while

approving the amendment, said that the information as originally framed was sufficient under the statute. We, too, can find no fault with an information which fully conforms to the requirements of both of the statutes.

For some unexplained reason, a portion of the transcript of the preliminary examination is missing. The trial court, the prosecutor, and defendant's trial counsel have all been unsuccessful in finding a copy of the transcript in question, even though each had a complete copy of the transcript in his possession at one time. Defendant makes note of the missing portion and contends his conviction must be reversed and the information quashed because the record of the preliminary examination does not indicate that evidence was adduced showing that his testimony before grand juror Pratt was given under oath, a failure of proof fatal to a perjury information even after a conviction upon proof of all of the elements of the crime. *People* v. *Kennedy* (1968), 9 Mich App 346.

Defendant's allegation that the incomplete record of the examination does not indicate any evidence of an oath is true, but this does not mean that there was an actual failure of proof on this point as in the *Kennedy* case, *supra*. Initially, we note that a reading of the portion of the transcript before us indicates that evidence of an oath may very well have been adduced during that part of the preliminary examination which is covered by the missing transcript. The prosecution indicated in the opening moments of the preliminary examination that the stenographer present during the grand jury proceedings would later be summoned to verify that defendant made the statements under oath. Further, the delay in the showing of a sworn statement was due to defense counsel's surprise with-

drawal of a stipulation acknowledging the authenticity of the testimony.

It has been held that an appellate court will not review a denial of a motion to quash an information on the grounds that no evidence of the crime was brought to light at the preliminary examination when the record is silent or nonexistent as to testimony taken at the examination. *People* v. *Butler* (1923), 221 Mich 626. See also *People* v. *Wilson* (1928), 242 Mich 532; *People* v. *Lenic* (1931), 255 Mich 29; *People* v. *Tamosaitis* (1928), 244 Mich 258. In *People* v. *Kennedy, supra,* the failure of proof was apparently brought to the trial court's attention before the trial began and was affirmatively shown on appeal after a review of a complete transcript. In the instant case there is no showing that there was any failure of proof on the subject of the oath. Defendant did not object at any time below, and does not even now assert that evidence of a swearing was not adduced. We are not persuaded that the fortuitous loss of a part of the transcript requires a reversal of this conviction.

Defendant next assigns error on, the grounds that the trial judge refused to order the prosecution to produce the grand jury testimony of Thomas Bowles, a significant witness in the perjury prosecution. Defendant's counsel had been given copies of the grand jury testimony of all other witnesses endorsed on the information. Defendant moved for production of the Bowles testimony shortly after Bowles took the stand at the perjury trial. The prosecution had in its possession at this time a transcript of the Bowles testimony but the prosecutor resisted production on the grounds that the Bowles grand jury testimony was not relevant to the perjury prosecution. The prosecutor and defense counsel stipulated that the trial judge was

to read a transcript of the testimony and to determine its relevancy. The trial judge concluded that the testimony was not relevant and refused to order the prosecution to furnish the testimony to defendant.

It has recently been held that, in a prosecution for perjured testimony arising out of grand jury proceedings, that the defendant has an absolute statutory right to peruse his own grand jury testimony under MCLA § 767.6a (Stat Ann 1954 Rev § 28.946[1]), but does not have any such discovery rights as to the grand jury testimony of other persons. *People* v. *Bellanca* (1969), 20 Mich App 1. Defendant also argues that MCLA § 767.4 (Stat Ann 1970 Cum Supp § 28.944), specifically exempts perjury prosecutions from the secrecy which otherwise surrounds grand jury proceedings. *People* v. *Bellanca, supra,* p 8, indicates that, as here, when the trial judge is able to read the transcript in question and to assess its relevancy in passing upon defendant's request for production, he may properly refuse to permit defendant's discovery of grand jury testimony which is not relevant to the prosecution at hand.

Finally, defendant urges that the tape recordings of his conversations with Thomas Bowles should have been excluded on the ground that they were inaudible. It is true, as defendant contends, that a tape recording is inadmissible where the great majority of it cannot be understood. *People* v. *Stevens* (1953), 117 Cal App 2d 653 (256 P2d 1033). Here, however, the trial judge found that the recordings were 80% audible, and after having listened to the tape in question, we agree. In fact, this Court finds that the tape is completely audible in all relevant parts including the portion where the prejudicial statements were made.

The general view with respect to the admission of tape recordings is that since a human witness may testify to so much of a conversation as he heard, notwithstanding parts of it were inaudible, a recording will not be excluded because parts of it (the recording) are inaudible. *United States* v. *Schanerman* (CA 3, 1945), 150 F2d 941; *People* v. *Porter* (1951), 105 Cal App 2d 324 (233 P2d 102); *State* v. *Salle* (1949), 34 Wash 2d 183 (208 P2d 872). Where a proper foundation is laid, tape recordings such as the present one are completely admissible. The trial court did not abuse its discretion in permitting the tape to be received into evidence.

Affirmed.

All concurred.